THE OTTAWA GAS-LIGHT AND COKE COMPANY

*v.*

DARLIN THOMPSON.

1. NUISANCE—*what constitutes a private nuisance.* In an action against a gas company, the plaintiff complained in his declaration of certain smells, smokes, etc., caused by the manufacture of gas, so annoying as to be a nuisance, rendering his premises uncomfortable for habitation. The court were inclined to the opinion that the weight of authority is in favor of the action,—that such a nuisance as was alleged comes properly under the denomination of a private nuisance, and therefore actionable.

2. Parties—*of the character of interest requisite to maintain a suit for injury to property.* Where the owner of a well gives to another a mere verbal license to enter upon the premises and take water from the well, the latter acquires no such interest in the well as will entitle him to recover damages for an injury to the water therein.

3. Same—*disturbance of an easement.* Where a third person injures the water of a well, an action on the case, for a disturbance of his easement, may possibly lie in favor of one having a verbal license from the owner to use such water, but not an action for the destruction of the property of another.

4. Verdict—*where a count combines a good and a defective cause of action.* In an action on the case two distinct grounds of injury were alleged in each of the counts in the declaration, upon one of which grounds a right of action might arise, but upon the other no recovery could be had, and proof was given respecting both of them. A verdict for the plaintiff was not allowed to stand because the two alleged grounds of complaint were so coupled together that it was impossible to know for which alleged injury the verdict was found.

Appeal from the Circuit Court of La Salle county; the Hon. William Chumasero, Judge, presiding.

The opinion of the Court contains a sufficient statement of the case.

Mr. J. B. Rice, for the appellants.

Messrs. Gray, Avery & Bushnell, and Messrs. Leland & Blanchard, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action on the case brought by the plaintiff below against the defendant below on the 26th of December, 1860, for injury to the water of plaintiff's well, occasioned by defendant having ".suffered to flow from its gas works, and to be deposited and placed in and around and near the same, certain noxious and offensive substances and materials used in and about the manufacture of gas and coke, and also certain oily, tarry, resinous, gaseous, and deleterious substances and materials so used in said manufacture, which said substances and materials were absorbed by and entered into the earth and

permeated, passed and flowed along and through the earth and into said well of water of said plaintiff, and mingling with the water with which said well was supplied, spoiled the water of said well.

The plaintiff also complained, in his declaration, of certain smells, smokes, etc., caused by the manufacture of gas, so annoying as to be a nuisance, rendering his premises uncomfortable for habitation. The jury found a verdict for the plaintiff of four hundred and fourteen dollars. A motion for a new trial was overruled, and the case brought here by appeal on a bill of exceptions.

The appellants make the point, first, that the plaintiff cannot recover in this action for the injury to the well; and, second, that the nuisance complained of was a public nuisance, for which no action lies by a private individual. Being a public nuisance it must be proceeded against by indictment.

On a former hearing of this cause we were of opinion this position was correct, and reversed the judgment. A rehearing having been granted, we have re-examined the question and find considerable conflict in the authorities. We now incline to the opinion that the weight of authority is in favor of the action; that such a nuisance as is alleged in the declaration comes properly under the denomination of a private nuisance, and therefore actionable.

On the first point we are of the opinion heretofore expressed. The injury to the well and the nuisance are coupled together in both counts of the declaration, so that it is impossible to know for which alleged injury the jury found their verdict, whether it was for the injury to the well or to the habitation.

The plaintiff has shown no such interest in the well as to entitle him to damages for an injury to the waters of it. The proof on this point is, that the well is on the lot and premises of James Graham, and is owned by him. Graham stated on the trial that the plaintiff asked him if he, witness, would let him use the well, if he would bear half the expense of keeping it up. A new pump was put in at an expense of twenty dollars, one-half of which the plaintiff paid. There is no

direct proof, that the plaintiff did, at any time, use the water of this well. ' What was said between him and Graham, the owner, was at most a verbal license to the plaintiff to enter upon the lot and take water from the well. This license conferred upon the plaintiff no interest in the well, and it was revocable in its very nature. A parol license to use this well may have been granted to many other persons, each one of whom would have a right to an action for the same injury. The case shows the owner of the well was a witness for the plaintiff, and that he himself has brought suit against the company for the same alleged injury.

We cannot understand on what principle it is an action can be maintained by this plaintiff for this injury. An action on the case for a disturbance of his easement might possibly lie, but not an action for the destruction of the property of another. A case is referred to as analogous to this. It is that of *Case* v. *Weber*, 2 Ind. 111. In that case it appears Weber had a license from one Barber, the owner of the land, to run his mill race through it, and as Barber could have maintained an action against the defendant for flowing the water back upon his land by the erection of the fish-dam, so could Case who stood in Barber's shoes. But could Barber and Case both sue for the same injury, and both recover damages? While Barber might sue for the back flow of the water upon his land, Case could sue for the injury done his mill, by the flowing of the water back through the race upon his mill-wheel. Case only could sue for that injury. The subject was of such a nature that a license could be granted to one person only; here it may be granted to many persons, and each one may recover for the same injury, if the doctrine contended for be true.

We are of opinion an action for the destruction of the water in this well cannot be maintained by the plaintiff. The whole, or a large portion of the damages, may have been awarded for this injury, as much of the evidence was on that point.

The judgment is reversed and the cause remanded.

*Judgment reversed.*