# ROBERT D. McDONALD

*v.*

# JOSEPH G. ENGLISH.

1. ERROR. *The admission of irrelevant evidence* which works no injury, but is in favor of the party objecting, affords no ground for reversing a judgment against him.

2. NUISANCE—*obstruction in sidewalk or streets.* Many things may be authorized by legislative or proper municipal authority, which, without such authority, would be nuisances, but being so authorized, so far as regards the public, they are lawful, though they may, to a greater or less extent, interfere with the free and entire use of the street.

3. SAME—*municipal corporation can not authorize what is a legal injury to others.* Although it is true that a municipal corporation can not authorize that which is deemed a legal injury to the property of an individual, without making compensation, yet the individual can not recover for every technical nuisance to the streets of a city, without regard to whether he has sustained special injury.

4. ACTION—*for obstruction in street.* The rule is well settled that, for any obstruction to streets not resulting in special injury to the individual, the public, only, can complain. Where the obstruction is a public offense, and special injury thereby results to a person, the latter may maintain an action against the wrongdoer. In such case, the special injury is the gist of the action.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. MANN & CALHOUN, and Mr. F. W. BOOKWALTER, for the appellant.

Mr. E. S. TERRY, and Messrs. LINDSEY & KIMBROUGH, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant sued appellee, in an action on the *case*, for a *nuisance.* The alleged *nuisance* was this: Appellant owns a three-story building, of which the lower story is for business purposes, such as retailing goods, etc., the second story for offices, and the third story is a hall for the use of secret societies. The building fronts on Main street, the principal business street in Danville, and comes to the line of the street. Appellee, as president of the First National Bank of Danville, caused a building for the bank to be erected immediately east of appellant's building, fronting on the same street, in front of which he caused to be placed, and has since maintained, stone steps, of the heighth of two feet and four inches, extending into the sidewalk, that runs in front of the buildings, three feet and seven inches, and to the east of the steps an airway, surrounded by iron railing two feet and four inches in heighth, extending into the sidewalk three feet and nine inches, and, also, at the south-east corner of the building, iron steps, extending into the sidewalk four feet and one inch. The west end of the stone steps is about eighteen inches east of the entrance to appellant's stairway. The sidewalk, at this point, is twelve feet and one inch in width, and at all points in front of the bank building it is eight feet or more in width beyond the

obstructions. The claim is, that these obstructions interfere with the convenient access of appellant's building, and render it less public, and thereby detract from its rental value. The jury returned a verdict in favor of appellee. The court over-- ruled appellant's motion for a new trial, and gave judgment upon the verdict.

Appellee was permitted to give in evidence, on the trial, an ordinance of the city of Danville, to the effect "that no steps or other fixtures shall be built to extend into or upon any sidewalk more than three feet; nor shall any open cellar-way or basement-way extend into the street more than three feet, and shall be protected with a railing around it. No window shall extend upon any sidewalk more than eighteen inches, and all cellar windows placed in any sidewalk shall be secured by iron grating or otherwise, laid even with the grade of the sidewalk." This, it is insisted, was erroneous. We do not perceive how appellant could have been prejudiced by it, for, as it seems to us, so far as it could have had any effect upon the jury, it must have been in his favor, since the only thing it tends to prove is, that the obstructions were unauthorized, because of their extending into the sidewalk beyond the limit prescribed by the ordinance. Moreover, the court gave this instruction in regard to it:

"The court instructs the jury, on behalf of the plaintiff, that, if they believe, from the evidence, that he, the plaintiff, was injured by the defendant, as claimed by him, the said plaintiff, then the said defendant is not protected by the city ordinance introduced in evidence."

The ordinance might, probably, under the circumstances, have been well excluded upon the ground of irrelevancy; but, inasmuch as we can not believe that it in the slightest degree prejudiced appellant, the error in its admission does not author- ize a reversal of the judgment.

Appellant asked the court to instruct the jury that, in the event the proof showed an obstruction of the street, he was entitled to recover nominal damages, although it was not

proven that he had sustained actual damages; and the refusal of the court to so instruct, appellant insists, was error.

It is unimportant to the question thus presented whether the *fee* to the soil of the street was in the city or in the adjacent property holder. The obstruction complained of was not upon any soil whereof, in any view, the *fee* was in appellant. It was not in front of his lot, but of that upon which the bank building was erected, and all that could be claimed, if he owned the fee of the soil of the street, to the center thereof, in front of his lot, as resulting therefrom, would be, that he could recover for any injury to his reversionary right.

We may concede the city was not authorized to deprive the adjacent property holders of the use of the street, still this right of use is in no sense an exclusive one. It is a right to be exercised in common with the public, and the convenience of each is to be regarded with reference to the convenience of others. The control of the streets belongs to the public, to be exercised in such manner as shall be directed by law. We assume that, by the charter of the city of Danville, its municipal authority is vested with ample power to improve its streets, declare what shall and what shall not be deemed a nuisance, and to exercise such supervision thereover as is usually exercised by cities over their streets. But even if in this we are mistaken, it is quite clear such authority is not vested in adjacent property holders, but it is retained by the legislature.

Many things may be authorized by legislative or proper municipal authority, which, if not thus authorized, would be deemed nuisances, but being authorized, so far as regards the public, they are lawful; and yet they may, to a greater or less extent, interfere with the free and entire use of the street. Dillon on Mun. Corp. sec. 538, *et seq.* And, in the absence of such authority, it has been held, custom or usage may, sometimes, sanction an act which would otherwise be deemed a nuisance, and relieve it from that construction. *O'Linda* v. *Lathrop,* 21 Pickering, 292. See, also, *Nelson* v. *Godfrey,* 12 Ill. 20.

We agree with the counsel for the appellant, that municipal

authority can not authorize that which is deemed a legal injury to the property of the individual, without making compensation, but we can not yield our assent to his position, that the individual can recover for every technical nuisance to the streets of a city, without regard to whether he has sustained special injury thereby. The streets being public, and the public authority having the right to determine what acts shall be deemed lawful, and what not, it would seem, logically, to result, for an injury purely public in its character, the public alone can prosecute. Nor is there anything in *Ottawa Gas-light, etc. Co.* v. *Thompson*, 39 Ill. 598, cited by the counsel, at variance with this conclusion. There, the plaintiff sustained a *special injury*, and it was because of this he was held entitled to recover. We regard the rule as well settled, that for any obstruction to streets, not resulting in special injury to the individual, the public, only, can complain. Where, however, the obstruction is such that a public prosecution is authorized, and, at the same time, an individual has been specially injured thereby, as well as where the act has been private and an offense against the individual, solely, he may maintain an action and recover for his special injury. But, in such case, the special injury is the *gist* of the action, and, unless it is alleged and proved, there can be no recovery. Wood on Nuisances, sec. 829; Angell on Highways, sec. 285; *Francis* v. *Schoelkopf*, 53 N. Y. 155; *Pierce* v. *Dart*, 7 Cowen, 609; 1 Smith's Leading Cases, (Hare and Wallace's Notes, 7 Am. Ed.) 479.

The evidence here, in our opinion, fairly preponderated that appellant sustained no special injury by reason of the alleged obstructions.

We see no substantial error in the instructions given at the instance of appellee. Those given at the instance of appellant, as modified, presented the law of the case as favorably as he was entitled to have it, and we think the verdict and judgment right.

The judgment is affirmed.

*Judgment affirmed.*