Kerfoot v. The People.

---

# Kerfoot, Hutchinson, Gage, McNally, Henrotin, Davis, and Lawson v. The People, etc., ex rel. Clingman.

1.  INJUNCTION—*Obstruction of Public Right—Special Injury.*—It is only where an obstruction of a public right is such that a special injury has been done, that an individual can maintain an action for a violation of such right. In such case the special injury is the gist of the action.

2. INJUNCTIONS—*Public Injury.*—Bills to restrain the doing of that which is merely a public injury and in respect to which the complainant has suffered no wrong or injury not common to the community, must be brought by the attorney-general as the representative of the public.

2. INJUNCTIONS—*Must be Respected.*—An injunction, however erroneously issued, must be respected; the fact that it has been granted erroneously, affords no justification or excuse for its violation.

4. COURT OF CHANCERY—*Jurisdiction—How Obtained.*—A court of chancery can obtain jurisdiction only by the filing of written pleadings, and the extent of the jurisdiction is determined by the contents of the pleadings.

5. INJUNCTIONS—*Issued Without Jurisdiction.*—A person can not be punished for disobeying an injunction which the court allowing it had no jurisdiction to issue.

**Memorandum.**—Injunction. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1893, and reversed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

WALKER & EDDY, attorneys for appellants.

DAVID FALES, attorney for Victor F. Lawson.

SIDNEY SMITH, attorney for Geo. R. Davis.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In most respects the questions presented by each of the cases are the same.

The bill under which the orders appealed from were made was filed by Charles W. Clingman as a citizen, resident and taxpayer, of the county of Cook, in the State of Illinois, and a stockholder of the World's Columbian Exposition. It charges that on Sunday, May 7, 1893, " complainant presented himself at the gates of the exposition and presented an admission ticket, and was refused admission; that the South Park Commissioners and said World's Columbian Exposition Company by its directors, have agreed to close the whole or part of the said land the first day of the week, commonly called Sunday, and prevent the admission

and recreation to the public of said lands and premises; wherefore complainant charges that said action is a great prejudice to him as a stockholder and to other stockholders.

Complainant refers to the act of the legislature of Illinois, providing for the location and maintenance of a park for the towns of South Chicago, Hyde Park and Lake, approved February 24, 1869, and avers that the South Park Commissioners, by the terms of the original act, hold the title to said premises as a public park, for the recreation, health and benefit of the public, and free to all persons forever, subject to such rules and regulations as from time to time shall be adopted by such commissioners.

The bill sets forth that complainant is informed that the South Park Commissioners have attempted to make a pretended lease of said property to said World's Columbian Exposition, a corporation, and charges that neither the park commissioners nor the exposition company have any right or authority to make any rule or regulation contrary to the original act, under and by virtue of which the people purchased and became possessed of said premises, and that the legislature has no power or right to change or modify the right of the people to use and occupy said premises for health and recreation forever.

The bill further charges that the directors of said exposition, pretending to be guided by an act of Congress, have decided to open a part of the premises in question, and to close a part, that is to say, certain buildings which contain exhibits of great interest to the people and of great benefit to stockholders of the exposition. And complainant charges that the act of Congress, providing for the closing of the fair is wholly unconstitutional and void. The bill sets forth Art. 8, Sec. 3, of the Constitution of the State of Illinois, providing for freedom of religious worship and convictions, and charges that the act of Congress conflicts therewith.

The bill further charges that as a taxpayer and citizen, complainant has contributed, by way of taxes, large sums of money toward the establishment and maintenance of said World's Columbian Exposition, and that it is impossible for

himself and others interested to attend said exposition except on Sunday, except at great loss and damage to themselves; and the bill concludes as follows:

" Forasmuch, therefore, as your orators are without relief, save in a court of equity, and to the end that the said World's Columbian Exposition, 1893, a corporation, etc., H. N. Higinbotham, President, the Board of Directors of the said corporation and the Board of South Park Commissioners, who are made parties defendant to this bill, may be required to make answer to the same, but not under oath, the answer under oath being hereby expressly waived, your orators further pray that a temporary injunction be granted unto your orators, restraining the said defendant, their attorneys, agents, employes or servants, from closing up the said South Park, now temporarily used by the said World's Columbian Exposition, 1893, or refusing to give access to the same, or any part thereof, to any person on said first day of the week, commonly called Sunday, and that upon a final hearing hereof that the said temporary injunction may be made permanent, and your orators pray for such other and further relief in the premises as equity may require, and to your honors shall seem meet."

· Thereupon an injunction was issued, the mandatory part of the order being as follows:

" We, therefore, in consideration thereof, and of the particular matters in said bill set forth, do strictly command you, the said above named defendant, the World's Columbian Exposition and the persons before mentioned, and each and every of you, that you do absolutely desist and refrain from closing up the South Park now temporarily used by the World's Columbian Exposition, 1893, or refusing to give access to the same, or any part thereof, to any person on the first day of the week, commonly called Sunday, until this honorable court, in chancery sitting, shall make other order to the contrary. Hereof fail not, under penalty of what the law directs."

About a month thereafter, at the instance of the complainant, upon affidavits filed by him, a rule to show cause

why they should not be attached for contempt for violating the injunction was issued, directed to appellants and others.

Appellants each answered, disclaiming that in anything they had done they had any intention to violate the order of court, and set forth, *inter alia*, that they had not since the issuance of the injunction, ordered the gates closed on Sunday, but an order directing them to be open on that day had been rescinded.

The complainant, Clingman, filed a special replication to these answers, which replication appellants asked to have stricken from the files; this motion the court denied.

The court, upon the several answers and complainant's reply thereto, affidavits in support of the rule, proofs and evidence submitted by the parties and as recited in the orders imposing penalties, from the admission in open court of the counsel for the respective parties, found appellants had violated said injunction and were guilty of contempt, and imposed a fine of $1,000 upon each of appellants Wm. D. Kerfoot, Charles L. Hutchinson, Lyman J. Gage, Andrew McNally and Charles Henrotin; a fine of $250 upon appellant George R. Davis, and a fine of $100 upon appellant Victor F. Lawson.

The bill shows no injury, present or prospective, to the complainant as a taxpayer; it is not alleged that anything is about to be done by which the rights of complainant as a taxpayer will be affected, nor does the bill present any grievance suffered or threatened by complainant as a stockholder in the World's Columbian Exposition.

It is not shown that the exposition stockholders have any right of entrance to the South Park or the exposition grounds on Sunday, or will be injured if the grounds be closed upon that day.

Nothing appears in the bill to show that the complainant, as a citizen and resident of Cook county, has any interest or right in the premises, or will suffer any injury from the threatened closing of the gates on Sunday, not common to each of the public. It is only where an obstruction of a public right is such that a special injury to one or more per-

sons has been done, that individuals may maintain actions for violation of such right, and in such case the special injury is the gist of the action.

If the complainant could maintain this bill, then each one of the millions who compose the public could maintain similar bills, and not only might the defendants be vexed with innumerable suits, but an adjudication in one case would not conclude the complainant in another. Nor could the defendants set up a successful defense they had made to the suit of A, as a bar to the similar suit of B.

In the case at bar, one Charles Howard filed an intervening petition asking that the directors of the exposition company be enjoined from opening the gates on Sunday.

It is manifest that neither the complainant nor the intervenor, Charles Howard, could by any suit by them or either of them instituted, conclude the rights of the public, because neither did or could represent the public; and by no possibility could a final decree in a suit instituted by Clingman or Howard have concluded the rights of any person, save those parties to the suit.

If the complainant had succeeded in obtaining a decree that the gates should be kept open, such decree would not have prevented Charles Howard from, in another proceeding, securing a decree that the gates be closed; each decree would, however broad its language, have been in its effect conclusive and determinate, only in respect to the rights of the parties thereto, viz.; in one case the right of Charles Clingman to have the gates open for him to enter on Sunday, and in the other the right of Charles Howard to have the gates closed for him on the same day.

For these and other reasons it has been frequently held that bills to restrain the doing of that which is merely a public injury and in respect to which the complainant suffers no wrong or injury not common to the community, must be brought by the attorney-general as the representative of the public. Davis v. Mayer, 2 Duer, 663; Winterbottom v. Lord Derby, Law Rep. 2 Ex. 4316; Hartshorn v. South Reading, 3 Allen, 501; McDonald v. English, 85 Ill.

232; Wood on Nuisances, Sec. 329; High on Injunctions, Sec. 762; Pomeroy's Eq., Sec. 1379; City of East St. Louis v. O'Flinn, 119 Ill. 200.

This subject was fully considered in City of Chicago v. Union Building Association, 102 Ill. 379, a case in which the right of the city of Chicago to vacate and allow to be closed up a portion of La Salle street, was considered, and the court there said, " In no case has it ever been held that a private individual may maintain a bill to enjoin a breach of public trust (in the absence of statutory authority) without showing that he will be specially injured thereby."

The Superior Court having assumed jurisdiction as it ought not, and issued an injunction, the question here presented is not as to the scope or right of ultimate recovery by the complainant, but as to the force of the injunction issued in complainant's suit.

An injunction, however erroneously issued, must be respected; the fact that it has been granted erroneously, affords no justification or excuse for its violation. High on Injunctions, Sec. 1416.

We have not to consider whether the court acted erroneously, but whether it had, by the filing of complainant's bill, authority to proceed in respect to the subject-matter of such bill and could render a valid and binding decree therein.

A court of chancery can not obtain jurisdiction save by the filing of written pleadings, and the extent of the jurisdiction of the court in the case under consideration is determined by the contents of the pleadings. The complainant in this case had a right to file a bill making the exposition company, its officers and directors, as well as other persons, parties defendant thereto; there are many things concerning which he might properly have called upon the court to afford him relief against those whom he made defendants to his suit; but the particular matter, which was not merely the gravamen, but the only subject of his bill, was one which he had no right to move the court to action upon, and one it had no authority, at his complaint alone, to adjudicate.

His bill shows in no respect whatever, any grievance by him suffered, or any right threatened or denied not common to the public; his bill was an assumption, an undertaking to bind the public, to conclude the multitude without giving them an opportunity to be heard. To accomplish what he, by his bill, undertook, he had no standing in court, and the court had no power at his instance to do what he asked. All the action of the court, had at his instance, other than that of patiently hearing and attentively considering what he had to urge, was without jurisdiction and binding upon no one. Dickey et al. v. Reed et al., 78 Ill. 261; Windsor v. McVeigh, 93 U. S. 274; Elliott v. Piersol, 1 Pet. 328; U. S. v. Arrendo et al., 6 Peters, 691; Munday v. Vail, 34 N. J. Law, 418; People ex rel. T. Weed v. Liscomb, 60 N. Y. 559–568; Ex parte Lange, 18 Wallace, 163; Pomeroy's Eq. Juris., Sec. 129.

After the injunction was issued and served, the bill was amended by granting the attorney-general leave to appear as a complainant therein. None of appellants were by name, or other than as directors of the World's Columbian Exposition, made parties to the bill. The summons issued was not to either of appellants, but to the "Board of Directors of said corporation." It does not appear that any of appellants had notice or knowledge of this amendment. The exposition company as a defendant, would be bound to take notice of all proceedings had in the suit against it, but it can hardly be said that each one of the board of directors was as an individual chargeable with notice of whatever was done in that suit. The amendment was of the most important character; it changed the bill from one which gave the court no jurisdiction to one in which a decree binding upon the public might have been rendered. The amendment was made without reference by order or otherwise to the injunction previously issued; no injunction was asked for by the attorney-general, and no continuance of the injunction awarded ere he became a party was had. It has sometimes been held that the amendment of a bill by adding a co-complainant terminates an injunction previously issued. Attor-

ney-general v. Marsh, 18 Sim. 575. In the present case the injunction order acquired no new force or efficacy by reason of the amendment. The injunction was not at the suit or instance of the attorney-general; it was a thing with which he had no connection, its violation was not a thing of which he could or did complain, because it was a thing not awarded to him, or in any suit to which, when given, he was a party. The injunction being one which the court had no jurisdiction to issue, appellants can not be punished for disregarding it. Dickey et al. v. Reed et al, *supra;* Weigley et al. v. The People, 51 Ill. App. 51.

We do not deem it necessary to comment on the proceedings upon the alleged contempt, other than to say that we do not think that the practice that should be followed in cases of civil contempt was pursued. The order of the Superior Court appealed from, imposing fines, will be reversed. There are certain defenses peculiar to the case of Victor F. Lawson and certain presented in the case of George R. Davis not found in any of the other appeals. We do not deem it necessary to notice these, as upon consideration of what has been stated, each and all of the respective orders imposing fines are reversed.