ANTOINETTE GAGE

*v.*

GEORGE W. SPRINGER *et al.*

*Opinion filed June 23, 1904—Rehearing denied October 15, 1904.*

1. OFFICERS—*special injury is essential to create liability to individual.* Failure of a public officer to perform a public duty is a wrong to an individual only when the individual can show that in the public duty was involved a duty to himself as an individual the non-performance of which has occasioned him a special injury.

2. SAME—*board of local improvements owes a special duty to owners of property assessed.* In paving a street by special assessment the board of local improvements, in addition to its duty to the public of providing a paved street for travel, owes to the owners of property assessed the special duty of enforcing compliance with the ordinance and contract.

3. SAME—*right of action against members of board of local improvements.* Where members of the board of local improvements, in furtherance of a conspiracy with the contractor, substitute and accept an improvement different from and inferior to the one specified in the ordinance and contract, the conspirators are personally liable to an owner of assessed property for damages sustained by reason of the substitution.

4. SAME—*what does not bar right of action for special damage.* The right of action by an owner of property specially assessed for an improvement against members of the improvement board and the contractor for constructing and accepting an inferior improvement is not barred by the fact that she might have enforced compliance with the ordinance by *mandamus* or interposed objections on application for sale.

*Gage* v. *Springer,* 112 Ill. App. 103, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This was an action on the case, brought by appellant, Antoinette Gage, against George W. Springer, Charles S. Clarke and William McGrew, appellees, in the circuit court of Cook county. The declaration consisted of two counts, the first of which alleges that plaintiff is the owner of part of a certain lot in the village of Wilmette, in that county; that defendants Springer and Clarke are members of the board of trustees, and, together with one Walter Farady, constitute the board of local improvements of said village; that on February 20, 1900, an ordinance was passed for the improvement and macadamizing of the street on which said lot fronted; that the lots along the line of the proposed improvement, including the property of the plaintiff, were specially assessed to pay for the same, and that the assessment was, on March 16, 1900, confirmed by the county court of Cook county; that said ordinance contained specific directions for making the improvement and the quantity and quality of the materials to be used, and provided that the work should be done under the direction, inspection and supervision of the board of local improvements.

The count then alleges that McGrew was a contractor, engaged in the business of building and improving roads and pavements; that on May 22, 1900, the members of the board of local improvements entered into a written agreement with him, by which he undertook and agreed to make the improvement, in conformity with the specifications and requirements of said ordinance, for the sum of $25,127.29; that he constructed a pavement which was not in accordance with the terms of the ordinance, and which was different from, inferior in quality and cheaper in cost than the improvement provided for by the ordinance; that Springer and Clarke, acting as and

constituting a majority of the board of local improvements, and colluding and conspiring with McGrew, and contriving and unjustly intending to injure the owners of the property so specially assessed, unlawfully, wantonly and maliciously permitted McGrew to construct said pavement in a manner different from, inferior to and cheaper in cost than the improvement provided for by the ordinance, and acquiesced in and encouraged the construction thereof as the same was constructed, and afterwards wantonly, maliciously, in bad faith, and in violation of their duty to the plaintiff, accepted the different, inferior and cheaper improvement as a compliance by McGrew with the terms of the ordinance and the provisions of the written agreement; that thereafter, on June 1, 1901, Springer and Clarke, conspiring with Mc-Grew to injure the plaintiff and her property, wantonly, maliciously and in bad faith caused to be issued to Mc-Grew bonds for the payment of the contract price of the improvement largely in excess thereof, such excess amounting to $5000. The count further alleges that the cost of the improvement, as constructed and accepted, did not exceed thirty per cent of the assessment levied, and that the variance from and disregard of the provisions of the ordinance and contract were occasioned by a willful, wanton and malicious disregard of such provisions, and were the result of combination and collusion among defendants for the purpose of injuring the plaintiff and others assessed for the improvement, and for the purpose of wrongfully and unlawfully increasing the profits of McGrew out of the work, to the damage and in fraud of the rights of the plaintiff, and charges that the things above set forth were well known to the defendants at the time of the making and doing thereof.

The count then alleges that the plaintiff's property is worth $5000, and that the assessment amounted to $400; that by reason of the foregoing matters the plaintiff has not received the benefit of the improvement, and that the

pretended improvement, as constructed and accepted, is an injury to plaintiff and to her property and that said property is greatly depreciated in value thereby; that she was compelled to and did lay out $200 in order to prevent the sale of her land for such assessment, and that by reason of such assessment her property is encumbered and is subject to a lien for the amount assessed against it. Damages in the sum of $5000 are claimed.

The second count differs from the first only in that it sets out in detail the provisions of the ordinance in respect to the manner in which the work was to be done and the kind, quality and quantity of the material to be used, and then sets out in detail the manner in which the work was actually done and the kind, quality and quantity of the materials actually used.

The defendants demurred generally to the declaration, and the demurrers were sustained. Plaintiff stood by her declaration, and judgment was entered dismissing the cause and adjudging costs against her. She appealed to the Appellate Court for the First District, where the judgment of the circuit court was affirmed, and she now prosecutes a further appeal to this court.

The grounds insisted upon by counsel for appellees in support of the action of the circuit court in sustaining the demurrers and the action of the Appellate Court in affirming the judgment of the trial court are, (1) that the plaintiff has suffered no damage different in kind from that suffered by the other members of the community; (2) that the defendants owed no special duty to the plaintiff; and (3) that Springer and Clarke were *quasi* judicial officers performing judicial functions, and therefore can not be held answerable in a suit by a private individual, even for fraudulent and malicious conduct.

GAGE & DEMING, for appellant.

SEARS, MEAGHER & WHITNEY, (NATHANIEL C. SEARS, and WILLIAM M. FLOOK, of counsel,) for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Where members of a board of local improvements and a contractor, for the purpose of profiting the contractor or injuring the owner of property specially assessed, or from other corrupt or malicious motive, enter into a conspiracy, which is carried out, whereby another and different improvement, of an inferior character from the one specified in the ordinance and contract, is substituted for the one so specified, do the conspirators become personally liable to the owner of property, which has been specially assessed to pay for the improvement, for damages sustained by him by reason of the fact that his property does not obtain the benefit from the substituted improvement that it would have obtained from the improvement for which it was specially assessed?

The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its non-performance. (Elliott on Roads and Bridges, p. 503; Shearman & Redfield on Negligence,—4th ed,—sec. 316; Throop on Public Officers, sec. 708; *Moss* v. *Cummings*, 44 Mich. 359; *Owen* v. *Hill*, 67 Mich. 43; *Bailey* v. *Berkey*, 81 Fed. Rep. 737; *Benjamin* v. *Wheeler*, 8 Gray, 409; *Elder* v. *Bemis*, 2 Metc. 599; *Butler* v. *Kent*, 19 Johns. 223.) But where a duty to improve or repair a road or street is an imperative one, and is one in which an individual has a peculiar private interest as distinguished from that which he has in common with other members of the community, the officer who corruptly refuses to perform the duty so enjoined upon him must make good to the individual any special loss or damage that he may have sustained. Elliott on Roads and Bridges, p. 508; Throop on Public Officers, sec. 707; *McDonald* v. *English*, 85 Ill. 232; *Tearney* v. *Smith*, 86 id. 391; *Hotz* v. *Hoyt*, 135 id. 388; *Barnard* v. *Comrs. of Highways*, 172 id. 391.

The plaintiff cannot recover unless the defendants owed to her a duty other than that owing to the public generally and unless a special injury has resulted to her from a breach of that duty. No private action will lie for damages of the same kind as those sustained by the general public, although the plaintiff may be damaged in a much greater degree than any other person. If, for example, the authorities of a city should undertake to pave a street by general taxation, and should so negligently perform the work of construction that travel on that street, instead of being facilitated, should be actually impeded, the injury is to the entire public, and one whose residence abuts on that street could not recover even though his damages were much greater than those of another resident of the city who lived several miles away, because the injury or damage sustained by each is of like character though that of one is much greater in degree than that of the other, and, the only injury being one to the public, the defaulting officer is liable only to the public. The fact, however, that many others sustain an injury of exactly like kind is not a bar to an individual action. *City of Chicago* v. *Union Building Ass.* 102 Ill. 379.

The theory of our law providing for the making of local improvements by special assessments is, that the property specially assessed shall be benefited by the improvement as much, at least, as the amount of the special assessment. In carrying out the contract for the improvement, where, as here, it is for a pavement, in accordance with the ordinance and the contract, the contractor and the board of local improvements are performing a duty, which they owe to the public generally, of providing a paved street upon which travel and the transportation of property will be promoted. That duty they owe to the entire community, but they also owe a special duty to the owner of the property assessed, to comply with, and to enforce compliance with, the ordinance and the con-

tract for the purpose of benefiting and increasing the value of that property. That is a duty they do not owe to the general public. The law does not require that the improvement should benefit any property except the property specially assessed. It is apparent, therefore, that the members of the board of local improvements not only owe a special duty to the owner of the property specially assessed, but that the substitution by them of an improvement of a different and inferior character from that to which such property owner is entitled and for which he has paid, visits an injury upon him of a kind not sustained by the general public.

It is urged by appellees that in the case of *City of Chicago* v. *Union Building Ass. supra*, this court took the view that the person specially assessed to improve or open a street had, on that account, no other or different right in the street than that possessed by every other citizen,— and this is correct. But it does not meet the difficulty here presented. The question here is, whether appellant is entitled to have the improvement made for which she has paid, and, if so, whether she has a right of action against the board of local improvements which has wrongfully diverted the money raised by special assessment from its proper uses, so that she has not obtained the benefit that the law intends she should obtain. In the *Union Building Ass. case*, the complainant's property had been specially assessed for the purpose of opening a street in its vicinity, and the street was opened. Thereafter the city proposed to vacate and close the street so opened, and complainant sought an injunction upon the ground, among others, that as it had paid the assessment for opening the street it had a special property right in the street which the city could not disregard. That contention was denied, and it is apparent that after the street was once opened the complainant had no greater right therein than any other member of the public, that street not affording ingress and egress to and

from complainant's property; but it seems equally clear, after its money had been taken by special assessment for the purpose of opening that street, which would be a benefit to the property specially assessed, complainant would have been specially injured if the street had never been opened in the first instance. Where the improvement has once been made as ordained, the person specially assessed has received all he is specially entitled to receive. He has no special rights thereafter by reason of the fact that he has been specially assessed, so far as that improvement is concerned.

We are therefore of the opinion that appellant suffered damages different in kind from those sustained by other members of the community, and that the appellees owed a special duty to her other and different from that owing to the general public.

It is then said that the members of the board of local improvements were engaged in the performance of judicial functions in examining the work during its construction and in deciding to accept it upon its completion, and for that reason are exempt from liability. We do not think this the correct view. It was the imperative duty of the board of local improvements to require of the contractor that he construct the identical improvement specified by the ordinance and the contract. That was a duty fixed and certain. The members of the board had no discretion to determine whether they would require him to construct the improvement contracted for or permit him to construct one of an entirely different character. The duty was therefore ministerial. (*People* v. *Bartels*, 138 Ill. 322.) This is not a question of whether or not an improvement of the general character of that specified in the ordinance and the contract has been constructed with trifling differences and defects, so that the board of local improvements might in good faith accept the work as that provided for, but it is a case, as was *Gage* v. *People*, 200 Ill. 432, of substituting therefor an improvement

of an entirely different character and description; and in making such substitution instead of requiring the improvement ordained and contracted for, the members of the board of local improvements violated a duty ministerial in its character.

The fact that the appellant could have invoked the powers of a court of equity to restrain any substantial departure from the terms of the ordinance in the performance of the work thereunder, or could obtain a writ of *mandamus* to compel the city authorities to complete the work as contemplated by the ordinance, (*Callister* v. *Kochersperger*, 168 Ill. 334,) or could interpose objections to the application of the county treasurer for judgment against her real estate to satisfy the special assessment, (*Gage* v. *People*, 200 Ill. 432,) does not bar her right to bring a personal action against the members of the board of local improvements to recover damages of a kind not sustained by the public in general, occasioned by the malfeasance here charged.

The law authorizing the construction of local improvements by special assessments is somewhat tyrannical in its character. The people who pay the money have but little voice as to whether the improvement shall be made, as to the time when or the manner in which it shall be made, or the amount of money that shall be expended in making it. The officers charged with the expenditure of the funds should be held to a strict compliance with the law, and public policy requires that where they are guilty of corruption they should respond in damages to those specially injured by their wrongdoing. The question set out in the opening paragraph of this opinion must be answered in the affirmative.

The judgments of the Appellate and circuit courts will be reversed and the cause will be remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*