## THOMAS W. RODHOUSE

*v.*

## THE CHICAGO AND ALTON RAILWAY COMPANY.

*Opinion filed February 21, 1906.*

1. CONTRACTS—*what must be established by third party to recover damages for breach of contract.* A land owner in a drainage district, in order to recover damages for breach of a contract made by the defendant with the drainage commissioners of the district, which contract contains nothing to show that the plaintiff had any interest therein, must show that he had a special beneficial interest in the contract, or that the defendant owed him a duty different from that owing to the other land owners, the breach of which has caused him special damage.

2. PLEADING—*what does not show special interest or special duty.* An allegation in a declaration in assumpsit for damages for breach of a contract to which the plaintiff was not a party does not show a special interest in the contract in the plaintiff nor a special duty owing to him by the defendant, which avers that the contract was entered into for the benefit of the plaintiff and other owners and occupants of lands in a drainage district and for the purpose of protecting their lands from overflow.

3. PARTIES—*when plaintiff has no special interest in contract.* Mere ownership of land by the plaintiff in a drainage district does not entitle him to maintain a suit for breach of a contract to build a levee, entered into between the defendant and the commissioners of the district, to which contract the plaintiff was not a party, where it is not ascertained whether his land will be assessed for any benefits on account of the work to be performed under the contract, or for any part of the contract price for benefits accruing to the land from the performance of the contract.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

This is an action in assumpsit, brought by the plaintiff in error against the defendant in error to the November term, 1904, of the circuit court of Pike county to recover damages for breach of a contract, made by the defendant in error with

the Board of Sny Island Levee Drainage District Commis-
sioners, a corporation organized under the laws of Illinois,
which contract is set out *in hæc verba* in the amended decla-
ration hereinafter mentioned. The original declaration was
filed on November 3, 1904, to which a demurrer was sus-
tained. Thereafter, by leave of court, an amended declara-
tion was filed on December 9, 1904. A demurrer was filed
to the amended declaration and sustained. Thereupon, plain-
tiff in error excepted, and stood by his amended declaration.
Judgment was then rendered against plaintiff in error, the
plaintiff below, in bar of the action, and for costs. A writ of
error was sued out from the Appellate Court for the purpose
of reviewing the judgment, so entered by the circuit court,
which latter judgment has been affirmed by the Appellate
Court. The present writ of error is sued out from this court
for the purpose of reviewing the judgment of affirmance, so
entered by the Appellate Court.

The amended declaration avers that, whereas on Novem-
ber 12, 1903, and for many years prior thereto, the Board of
Sny Island Levee Drainage District Commissioners, a cor-
poration, etc., were engaged in the construction, repair and
maintenance of a levee along and near the shore of the
Mississippi river, extending through the counties of Adams,
Pike and Calhoun in said State of Illinois, for the purpose of
protecting the land lying within said Sny Island levee drain-
age district from damage, caused by the waters from said
Mississippi river, flowing over and upon said lands; that, on
or about June 7, 1903, the waters from the said river broke
through, washed away, and destroyed a portion of said Sny
Island levee east of Quincy Junction in said county of Pike,
upon the top of which said levee the defendant had con-
structed its railroad track, and over which it was then and
there, and had been, for many years prior thereto, running
and operating its railroad trains; that, thereafter, to-wit, on
or about the 12th day of November, 1903, for the purpose
of protecting Thomas W. Rodhouse, plaintiff herein, and

the other owners and occupants of lands in said Sny Island levee drainage district, from damage by overflow of water from said Mississippi river, and for the benefit of plaintiff, and the said owners and occupants of lands in said drainage district, the said defendant, the Chicago and Alton Railway Company entered into a contract with the said Board of Sny Island Levee Drainage District Commissioners in words and figures as follows, to-wit:

"This contract, made and entered into this 12th day of November, 1903, by and between the Chicago and Alton Railway Company, party of the first part and the Board of Sny Island Levee Drainage District Commissioners, party of the second part:

"Witnesseth, that the party of the first part hereby contracts and agrees, in consideration of the sum of $25,000.00 to be paid by the party of the second part to the party of the first part, that it will, without further expense to the commissioners fill in the embankment of its main track east of Quincy Junction, and if possible complete the same in the year 1903, to the level of the tracks as they now exist, and if possible on or before the first day of June, 1904, to raise its main line and its river line, so as to make the top of the first party's embankment level with the top of the Sny levee as it now exists. And the said party of the first part will endeavor to make an arrangement with the Chicago, Burlington and Quincy Railroad Company, by which the embankment of the said Chicago, Burlington and Quincy Railroad Company from the end of the Chicago and Alton river track north to the existing levee of the party of the second part shall be raised to the same elevation on or before June 1, 1904. And the party of the first part also agrees at its own expense to strengthen its road-bed, when necessary to serve the purpose of this agreement, and all the work shall be done subject to the approval of the Board of Sny Island Levee Drainage District Commissioners. It is further agreed between the parties that this work shall be done under the supervision of

the party of the second part, and the Chicago and Alton Railway Company will assume no responsibility whatever for the maintenance of its embankment as a levee, the purpose of this contract being that the railroad company simply undertakes to bring its embankment to the height and strength above mentioned, that it may, in such condition, be used by the Board of Sny Island Levee Drainage District Commissioners as and for a levee embankment, but the railway company makes no undertaking that the same shall be sufficient, or that it will be strong enough or high enough to exclude water from the territory of the Board of Sny Island Levee Drainage District Commissioners, it being expressly understood that the Chicago and Alton Railway Company has no legal power to undertake to prepare a levee for the said commissioners, and it is not its intention to assume any responsibility in that direction.  It is further contracted and agreed between the parties that the Board of Sny Island Levee Drainage District Commissioners shall have the privilege of policing the embankment so constructed by the party of the first part within the territory above referred to, and in case of high water or emergency or danger from the river, the said commissioners are authorized to enter upon the right of way and embankment of the Chicago and Alton Railway Company, and under the direction of the engineer of said railway company, do such work as in their judgment may be necessary to make the said embankment secure against such high water.  The party of the first part further agrees to strengthen the break in its embankment immediately east of Pike Station, and it also agrees that the width of the embankment, after the track is raised, is to be its standard width on top, namely, eighteen feet, and is to be constructed with slopes sufficient to make a suitable embankment.  And it is further agreed between the parties hereto, that said Board of Sny Island Levee Drainage District Commissioners will pay the Chicago and Alton Railway Company for the work aforesaid the sum of $25,000.00, and will pay the first party

on or before the 15th day of each and every month, such
proportion of said sum of $25,000.00 as the total amount of
work, done under this agreement by said first party in the
previous month, bears to the total amount of all work pro-
vided herein to be done by the first party until the whole of
said sum of $25,000.00 is fully paid.

"In witness whereof the parties have hereunto set their
hands and corporate seals this 12th day of November, 1903.

|                    |                                           |
| ------------------ | ----------------------------------------- |
|                    | THE CHICAGO AND ALTON RY. CO.,            |
| (Corporate Seal.)  | By S. M. Felton, *Prest.*                 |
|                    | BOARD OF SNY ISLAND LEVEE DRAIN-          |
|                    | AGE DISTRICT COMMISSIONERS,               |
| (Corporate Seal.)  | by H. B. Atkinson,                        |
|                    | A. J. Thomas,                             |
|                    | Harry Seehorn."                           |

The declaration then alleges that said contract was duly
presented to, and approved by the county court of the county
of Pike, wherein the greater part of said Sny Island levee
drainage district lies; that the defendant and its president
and officers, at the time of entering into said contract, as
aforesaid, well knew that the purpose of said contract as to
the repair of said break in said Sny Island levee was for the
purpose of protecting said Thomas W. Rodhouse, plaintiff
herein, and other owners and occupants of lands in the said
drainage district from damage by reason of overflow water
from said Mississippi river; that said Rodhouse, plaintiff
herein, is the owner and occupant, and has been such owner
and occupant continuously since the date of the making of
said contract, of the following described lands, to-wit: The
north-east quarter of section 24, in township No. 7, south,
range No. 4 west, in Pike county, Illinois, and that said lands
are within the limits of said Sny Island levee drainage dis-
trict; that said lands during the years 1903 and 1904 were
in cultivation and used for general farm crops; that it was
possible for the defendant, the Chicago and Alton Railway
Company, to have complied with its said contract, and to
have completed said embankment, and to have repaired said

levee in the year 1903, as agreed by it in said contract as aforesaid; that, if defendant had filled in the embankment of its main track east of Quincy Junction, and completed the same in the year 1903, to the level of its main track as it existed at the date of said contract, no overflow water from the Mississippi river would have flowed through said break in said levee in May, 1904, and no damage would have accrued to plaintiff by reason of such overflow, and that the Board of Sny Island Levee Drainage District Commissioners, parties of the second part in said contract, were at all times ready, willing and anxious to do and perform any and all acts and things, enjoined and required to be done and performed by it under and by the terms and provisions of said contract during said year 1903, and then and there notified defendant to perform the said contract upon their part, as therein enjoined and required; that defendant failed, refused and neglected to comply with its said contract to fill in said embankment, and that, by reason of said failure, refusal and neglect of the defendant to fill in its main track east of Quincy Junction, and to complete the same, or any part thereof, in the year 1903, to the level of the track as it existed at the date of said contract, and to complete the said embankment and repairs of said levee according to its said contract, as aforesaid, contracted to be made in 1903, or any part thereof, on or about the 5th day of May, 1904, the overflow waters from said Mississippi river flowed through said break in said Sny Island levee and overflowed said lands of the plaintiff herein in said Sny Island levee drainage district, and destroyed his crops thereon, of great value, to-wit, of the value of $1500.00, and also did great damage to plaintiff's lands and improvements thereon, to-wit, to the amount of $1000.00; to the damage of the plaintiff in the sum of $2500.00, wherefore he brings suit, etc.

HAMILTON & HAMILTON, and WILLIAM MUMFORD, for plaintiff in error.

WINSTON, PAYNE & STRAWN, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The only question in this case is, whether or not the court below properly sustained the demurrer to the amended declaration. Upon this subject the Appellate Court, speaking through Mr. Justice BAUME, expressed the following views in their opinion, deciding this case:

"Plaintiff in error predicates his right of action in this case generally upon an application of the recognized rule, that a third party, for whose benefit a contract is made, may maintain an action in his own name for a breach thereof. (*Lawrence* v. *Oglesby,* 178 Ill. 122; *Webster* v. *Fleming,* 178 id. 140). And upon the authority of *Gage* v. *Springer,* 211 Ill. 200, it is claimed that plaintiff in error has such a beneficial interest in the performance of the contract alleged, as will authorize a recovery for damages accruing to him by its breach. The suit is in implied assumpsit upon the contract, and we must look to the terms of the contract to determine whether it creates such a privity of relation between plaintiff in error and defendant in error, as will authorize a suit by the former against the latter to recover damages for its breach. There is nothing in the contract, which, either directly or by necessary inference, identifies plaintiff in error as a party to be benefited by it. But if the direct beneficial interest of plaintiff in error could properly be established extraneously of the contract by appropriate averments in the declaration, such averments are wanting in the declaration here involved. The averment that the contract was entered into for the purpose of protecting plaintiff in error, and the other owners and occupants of lands in the district by damage from overflow, and for the benefit of plaintiff in error and the owners and occupants of lands in said district, does not invest plaintiff in error with a special beneficial interest in the performance of the contract, or establish that

defendant in error owed a duty to plaintiff in error other than that owing to all the owners of lands in the district. It was said in *Gage* v. *Springer, supra:* 'No private action will lie for damages of the same kind as those sustained by the general public, although the plaintiff may be damaged in a much greater degree than any other person.'

"It is, however, contended by plaintiff in error that he brings himself within the class, to whom defendant in error owed a special duty, under the holding in *Gage* v. *Springer, supra,* because the cost of the repair and maintenance of the levee is necessarily contributed by the owners of lands in the district according to the benefits accruing to each tract of land therein. The declaration contains the allegation, that plaintiff in error is the owner of certain described lands, and that said lands are within the limits of Sny Island levee drainage district, but it is not alleged that said lands have been, or will be, assessed for any benefits on account of the work to be performed by defendant in error under the contract declared on, or that plaintiff in error has been or will be called upon to pay any part of the contract price of $25,-000.00 for benefits accruing to his lands by the performance of the contract. Under the provisions of the Drainage act, it may or may not be ascertained and determined that the lands, alleged in the declaration to belong to plaintiff in error and to lie within the district, will be benefited by the work contemplated in the contract. If it has not been ascertained and determined that said lands will be benefited by the construction, repair and maintenance of the levee mentioned in the contract, plaintiff in error has no such special interest in its performance, as will authorize a suit by him to recover damages for its breach.

"For lack of privity of contract between the parties, and because it does not appear that defendant in error owed to plaintiff in error any special duty to perform the contract here involved, the demurrer to the declaration was properly sustained, and the judgment is affirmed."

We concur in the foregoing views expressed by the Appellate Court, and adopt the same as the opinion of this court in this case. .

Accordingly, the judgment of the Appellate Court affirming the judgment of the circuit court, is affirmed.

*Judgment affirmed.*