## Daniel E. Robbins et al., Plaintiffs in Error, v. Joel K. Scarborough et al., Defendants in Error.

1. SCHOOLS—*custody of funds.* The statute defining the duties of the board of trustees of schools as to the examination of notes, mortgages, securities, etc., of the township treasurer, or other school officer, imposes a duty for the purpose of preserving the school funds for the benefit of the public schools and not to protect those who may choose to become bondsmen for the school treasurer.

2. SCHOOLS—*duty on board of trustees to examine notes, etc., of treasurer.* The statute defining the duties of the board of trustees of schools to examine the notes, mortgages, securities, etc., of the school treasurer gives discretion to the board of trustees to carry such examinations to such an extent "as may seem to said board necessary."

3. ACTIONS AND DEFENSES—*when no action lies in favor of bondsmen of school treasurer against school trustees.* An action does not lie in favor of bondsmen for a school treasurer against the board of trustees of schools for the amount such bondsmen were compelled to pay on default of the treasurer on the ground that it is the duty of such trustees to examine and record the true condition of the accounts of the treasurer of the board, and that failure so to do renders them liable to the bondsmen for the amount paid.

Error to the Circuit Court of Adams county; the HON. ALBERT AKERS, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

WILSON & WALL, for plaintiffs in error.

JOHN T. INGHRAM and T. B. PAPE, for defendants in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

The plaintiffs in error became securities upon the bond of T. N. Crewson, as school treasurer of township 3 south, range 7 west, in Adams county, Illinois. Said treasurer defaulted in the sum of $3,500, and the plaintiffs in error, as sureties on said bond, were required to pay the same. Thereupon they brought this

suit to recover against the defendants in error, personally, who were acting as trustees of schools of said township at the date of the execution of the said bond, averring, among other things in their declaration, that said Crewson, before and at the time of his appointment as such treasurer, was duly qualified as such officer and had been for two years immediately prior to said appointment, and that when such appointment was made, succeeded himself as such treasurer, and was required by the said trustees to execute a bond with sufficient sureties; that the defendants in error then failed and refused and neglected to examine the notes, mortgages, securities, papers, moneys and effects of said treasurer, and then and there failed, carelessly and negligently, to examine the accounts and vouchers of the said treasurer, but then entered in the book of such defendants in error, as trustees, which was kept for the recording of their official acts and proceedings, a statement that the books and papers of said treasurer had been examined by the defendants in error and found to be correct, when in truth and in fact they had not made such an examination; that after said entry was made, said treasurer applied to the plaintiffs in error to become sureties on said treasurer's bond, and the plaintiffs in error, relying upon such statement so entered upon said record, became sureties as aforesaid; that it afterwards became manifest that said treasurer was, at the time of his appointment, a defaulter and that the defendants in error knew the same, or, by the exercise of due care, might have known of such default; that the plaintiffs in error were afterwards required to pay the sum aforesaid in consequence of his default.

General and special demurrers were filed to the declaration, and by the court sustained. The plaintiffs in error having elected to stand by the declaration, the court entered judgment against the plaintiffs in error for the costs of the proceeding, whereupon

this writ of error was sued out, thereby bringing the record before us for review.

The chief contention of the plaintiffs in error is, that it was the duty of the defendants in error, when acting as school trustees, to examine and record the true condition of the accounts of the treasurer of the board, at all annual meetings and all semi-annual meetings of the board, and that the failure so to do rendered the defendants in error liable to the plaintiffs in error for any loss sustained by them as sureties on the defaulting treasurer's bond. The cases of *City of Chicago* v. *Seben,* 165 Ill. 377 and *People* v. *Bartels,* 138 Ill. 322, are cited by counsel as authorities supporting their contention.

In the first case the action was to recover for a personal injury received by Seben because of negligence in constructing and maintaining a certain catch basin belonging to the city of Chicago. It will be observed this suit was for the negligent act of the city, and not a suit against an officer of the city in his individual capacity.

In the second case, the suit was upon the bond of a notary public for taking and certifying to an acknowledgment which proved afterward to be a forgery, and resulted in serious loss to the plaintiff therein.

We do not regard either of these cases as directly bearing upon the question involved in this case.

Mr. Cooley, in his work on Torts, vol. 2, p. 756, lays down the rule in this class of cases as follows: "The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it properly, is an in-

dividual wrong, and may support an individual action for damages.''

In Throop on Public Officers, sec. 708, it is said: ''So a private action cannot be sustained for failure to discharge a duty owing exclusively to the public, even by a person specially injured thereby. Or, as a learned and distinguished writer gives the rule, where a duty neglected or improperly performed 'is a public duty exclusively, and no single individual of the public can be, in any degree, legally concerned with the manner of its performance, a private action will not lie.' ''

In the case of *Gage* v. *Springer*, 211 Ill. 200, this doctrine is supported and cited with approval, and it is there said: ''The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its nonperformance.''

The liability of a public officer to answer in damages to a private individual for a failure to perform the duties imposed upon him by law, depends upon whether the injury is of a public or private character. If it be of a public character, such as the citizens of a municipality may receive in common, or a duty owing to the citizens in common, then an action on the part of an individual will not lie. If, however, the failure results in special damages to a private individual he may have cause of complaint.

In the case under consideration, the duty devolving upon the defendants in error, as school trustees as complained of, is set forth in the following language of paragraph 59, of chapter 122 (Hurd's Stat. 1908), being the statute in force at that time, namely: ''At each semi-annual meeting, and such other meetings as they may think proper, the said township board shall examine all books, notes, mortgages, securities, papers, moneys and effects of the corporation, and the ac-

counts and vouchers of the township treasurers, or other township school officer, and shall make such orders thereon, for their security, preservation, collection, correction of errors, if any, and for their proper management as may seem to said board necessary."

From a careful reading of the above section defining the duties of the trustees as to notes, mortgages, securities, etc., we conclude that the action of the trustees in reviewing such notes, mortgages, securities, etc., in the hands of the treasurer, is a duty imposed by statute for the purpose of preserving and securing the funds belonging to the township, and has no reference to any duty to any particular individual. It is a method by which the school funds are sought to be secured for the benefit of the public schools.

It will be further observed that the statute gives discretion to the board of trustees about the manner and extent to which they may carry these examinations, namely: "as may seem to said board necessary." This leaves the question largely to the sound discretion of the board of trustees. While the statute contemplates that the records of the board of school trustees and treasurer shall be public and open to inspection by all interested persons, yet, it can scarcely be said that the requirement of the statute is for the purpose of protecting those who may choose to become bondsmen for the school treasurer, but rather for the benefit of the general public.

In *Stern* v. *People,* 102 Ill. 541 (550) our Supreme Court said: "It has long been held by the Supreme Court of the United States that statutory directions to public officers are given for the security and convenience of the government, and to regulate the conduct of its officers, but that, being directory, they form no part of the contract with the surety."

The same doctrine is announced in *Ramsay's Estate* v. *People,* 197 Ill. 572.

We are of the opinion the action of the circuit court in sustaining the demurrer was correct, and the judgment is affirmed.

*Affirmed.*