ROGER LEGER *v.* CHARLES F. KELLEY ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 7—decided July 19, 1955

*Charles Suisman,* with whom, on the brief, was *Max M. Shapiro,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellee (named defendant).

INGLIS, C. J. The complaint in this case was in two counts. In the first a cause of action against Charles F. Kelley was alleged; the second set forth a purported cause of action against the Stonington Auto Station. It is only with the first count that we are concerned on this appeal.

The allegations contained in the first count may be summarized as follows: On December 23, 1952, the defendant Charles F. Kelley, while he was the commissioner of motor vehicles, accepted an application for the registration of a 1938 Chrysler automobile owned by Albert J. Leger, the plaintiff's father, and permitted it to be registered for operation. This registration was renewed on February 28, 1953. The automobile, although manufactured after July 1, 1937, was not equipped with safety glass in its windshield. On May 15, 1953, while the plaintiff was riding as a passenger in the car, it was in collision with another motor vehicle in such a manner as to break the windshield into fragments, causing personal injuries to the plaintiff. The injuries "were caused by the negligence of the defendant, Charles F. Kelley, by reason of his carelessness and negligence, the carelessness and negligence of

his agents and servants . . . in that said Chrysler automobile was originally registered . . . although it was manufactured after July 1, 1937, and was not equipped in its windshield with approved safety glass as provided for in Section 2447 of the General Statutes."

A demurrer to the complaint was sustained on three grounds: (1) this is a suit against the defendant in his official capacity and is, therefore, in effect a suit against the state to the bringing of which the state has not given its consent; (2) the duty imposed by § 2447 of the General Statutes is one owed to the public generally and not to the plaintiff individually; and (3) the complaint charges the defendant with liability for the negligence of his agents and servants, but a public officer is not personally liable for the acts of his subordinates unless he has specifically directed the doing of those acts.

After this ruling on the demurrer, the plaintiff amended his complaint by removing the allegation that his injuries were caused by the negligence of the defendant's agents and servants; he made no other change in his complaint. Inasmuch as the amendment did nothing to alter the situation with reference to the first two grounds on which the demurrer had been sustained, the court, upon the defendant's motion, rendered judgment for the defendant on demurrer sustained, and the plaintiff has appealed. The only assignment of error is that the court erred in granting the defendant's motion for judgment. Technically, this assignment is without merit, since the plaintiff's failure adequately to plead over after the sustaining of the demurrer left the court with no other course than to render judgment for the defendant. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 589, 169 A. 915. The case,

however, has been presented by both parties in this court as though the assignment of error had been that the court erred in sustaining the demurrer, and we will consider the matter on that basis. If it is borne in mind that the amendment of the complaint removed the allegation that the defendant, in issuing the registration, was acting through his agents and servants, it becomes unnecessary for us to review the ruling of the court to the effect that the defendant was not liable for the negligence of his servants and agents. The plaintiff agrees that on that point the court was correct and now rests his case on the allegation that the defendant was personally negligent in issuing the registration.

The first ground on which the demurrer was sustained was that in reality this was a suit against the state brought without the state's consent. In this regard the court apparently misconstrued the writ and complaint. In the writ the defendant is named merely as an individual and not as a state official. There is an allegation in the complaint that he was the commissioner of motor vehicles, but that fact is set forth merely as one of the facts introductory to the allegation that he personally was negligent. The writ and complaint when read together indicate that the cause of action stated is one against Charles F. Kelley individually and not as a state officer. Accordingly, the suit is in no sense one against the state. This ground for sustaining the demurrer was not well taken.

There is left, therefore, only the question whether the court was correct in its ruling that the statute upon which the plaintiff predicated his case did not impose upon the defendant a duty owed to the plaintiff to refuse registration of the automobile in which the plaintiff was riding when he was injured. The

statute in question was § 2447 of the General Stat-
utes as it had been amended, in a particular not
pertinent to this case, by § 242a of the 1949 Supple-
ment. Cum. Sup. 1953, § 1033c. So far as relevant,
it read as follows: "The commissioner of motor
vehicles shall not register any motor vehicle manu-
factured after July 1, 1937, unless the windshield,
the doors, windows and glass partitions are equipped
with safety glass of a type approved by him . . . ."
The direction to the commissioner of motor vehicles
to require some kind of safety glass as a prerequisite
to registration left no room for the exercise of dis-
cretion by him. The duty imposed was ministerial.
See *Blake* v. *Mason,* 82 Conn. 324, 327, 73 A. 782.
It should be borne in mind, therefore, that cases in-
volving the exercise of discretion by a public official
in the performance of his duty are not pertinent to a
consideration of the issue presented on this appeal.
See *Wadsworth* v. *Middletown,* 94 Conn. 435, 440,
109 A. 246.

It is well settled that a public official is liable to an
individual for his failure to perform a ministerial
duty imposed upon him by statute only if the stat-
ute creates a duty to the individual. *South* v. *Mary-
land,* 59 U.S. (18 How.) 396, 402, 15 L. Ed. 433;
*Illinois, use of Trust Co. of Chicago* v. *Maryland
Casualty Co.,* 132 F.2d 850, 853; *Routh* v. *Quinn,* 20
Cal. 2d 488, 492, 127 P.2d 1; *Gage* v. *Springer,* 211
Ill. 200, 205, 71 N.E. 860; *Hayes* v. *Porter,* 22 Me. 371,
376; *Svenson* v. *Brix,* 156 Ore. 236, 243, 64 P.2d 830;
*Smith* v. *Iowa City,* 213 Iowa 391, 395, 239 N.W.29;
2 Shearman & Redfield, Negligence (Rev. Ed.) § 327.
Cooley states the law as follows: "The rule of official
responsibility, then, appears to be this: That if the
duty which the official authority imposes upon an
officer is a duty to the public, a failure to perform

it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages." 2 Cooley, Torts (4th Ed.) p. 385.

In the application of this rule, the problem is always to determine whether the statute involved does create a duty owed to the individual. It is quite generally held that a statute providing for the recording of deeds does create such a duty, so that a person who sustains damage by reason of the failure of the town clerk or registrar of deeds properly to record a document may recover from that official. *Willet* v. *Hutchinson*, 2 Root 85, 86. It also has been held that an election official whose ministerial duty it was to list a candidate's name upon the ballot was liable to the candidate for failure to perform the duty properly. *Larson* v. *Marsh*, 144 Neb. 644, 649, 14 N.W.2d 189. Likewise, a person whose property has been specially assessed for road improvement may recover from road commissioners who corruptly contracted for inferior materials. *Gage* v. *Springer*, supra, 207. On the other hand, officials charged with the duty of providing a pure water supply are not liable for failure to do so to an individual who has become ill from drinking contaminated water. *Illinois, use of Trust Co. of Chicago* v. *Maryland Casualty Co.*, supra. Nor is a sheriff who fails to protect a citizen from a mob liable in damages to that citizen. *South* v. *Maryland*, supra. From the foregoing and other cases, it appears that the test is this: If the duty imposed upon the public official by the statute is of such a nature that the per-

formance of it will affect an individual in a manner different in kind from the way it affects the public at large, the statute is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual. *Larson* v. *Marsh*, supra.

The purpose of § 2447 was to protect from injury not any one person but such members of the general public as ride in automobiles. The act of the commissioner of motor vehicles in either granting or refusing registration, under the statute, may affect peculiarly each individual who applies for registration, but any individual who applied for the registration of a motor vehicle not equipped with safety glass assuredly would have no standing to claim liability on the part of the commissioner for granting that application. Aside from the applicant himself, no one individual is affected by the registration of any motor vehicle in a manner different from other members of the general public who may happen to ride in the automobile. The duty imposed by the statute upon the commissioner was, therefore, a public duty and not one which he owed to any individual who might be injured while a passenger in the car. It follows that in the present case the defendant owed no duty to the plaintiff. Accordingly, his alleged negligence in granting registration of the motor vehicle in question in violation of the statute could not be the basis of a cause of action against him in favor of the plaintiff. The sustaining of the demurrer was correct.

There is no error.

In this opinion the other judges concurred.