CHRISTOPHER GRAHAM, ADMINISTRATOR (ESTATE OF DOROTHY GRAHAM *v.* RICHARD J. SMITH ET AL., TRUSTEES OF THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 6439
AT STAMFORD

Memorandum filed November 6, 1963

*Slavitt & Connery,* of Norwalk, for the plaintiff.

*T. H. O'Sullivan* and *J. D. McHugh,* of New Haven, for defendant trustees of The New York, New Haven and Hartford Railroad Company.

*Paul V. McNamara,* of Bridgeport, for defendants the town of Wilton and Vincent J. Tito.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for defendants Ralph and Lorraine Pottle.

*Lepofsky & Lepofsky,* of Norwalk, for defendant Barbara Campbell.

*Goldstein & Peck,* of Bridgeport, for defendants the town of Norwalk, John Sutton, Maurice Sansouci, Max Orlins and Barbara Campbell.

MacDonald, J. In this action, arising out of a collision between a motor vehicle and a train at a private railroad crossing in the town of Wilton, paragraph 14 of the complaint alleges negligence against the defendants the town of Wilton and its first selectman, Vincent J. Tito, for failure to require the owners of the private driveway which crossed the tracks to erect and maintain traffic control devices. Plaintiff relies upon § 16-119a (b) of the General Statutes, requiring each town either to erect and maintain such devices or to require the owner of such private crossing to do so. In other words, these defendants are being sued for failure to perform the duties imposed upon them by the statute mentioned.

In a companion case in this court involving the same issues, Superior Court, Fairfield County at Stamford, No. 5727, *Campbell* v. *Pottle,* the town of Wilton was let out on a demurrer sustained on the ground that "the duty imposed by the statute was for the benefit of the public generally and not for the plaintiff's decedent individually." (See memorandum filed by *Shannon, J.,* April 19, 1963.) A subsequent motion to expunge an amended third count which set forth substantially the same cause of action was granted by this court on September 19, 1963, on the same grounds. Consistency requires the sustaining of this demurrer on the same grounds.

The statute in question imposes a duty on every municipality and on the highway commissioner, but in performing this duty the municipalities and the highway commissioner are performing governmental duties for the benefit of the public, and not for corporate or individual profit, and accordingly no cause of action accrues for the benefit of any private individual under the statute. See *Leger* v. *Kelley*, 142 Conn. 585; *Stiebitz* v. *Mahoney*, 20 Conn. Sup. 129; but see *Stiebitz* v. *Mahoney*, 144 Conn. 443. As stated in *Dennis* v. *Shaw*, 137 Conn. 450, 452, " '[n]o statute is to be construed as altering the common law, farther than its words import.' "

Plaintiff's brief places great emphasis on what the legislature intended this act to accomplish, but we are interested not in what the legislature intended to say but in the meaning of what it actually did say.

The demurrer is sustained on the grounds therein stated.