[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO DISMISS
I.
Introduction
The defendant has filed the instant Motion to Dismiss maintaining that as this case was brought in the name of an estate, the court has no subject matter jurisdiction.
 II.
Discussion
 A.
In Connecticut, an estate is not a legal entity. Indeed "it is neither a natural nor artificial person but is merely a name to indicate the sum total of the assets and liabilities of a decedent or incompetent. Bar Association v. Connecticut CT Page 7570 Bank Trust Co. 20 Conn. Sup. 248, 262 (1957). It may not prosecute an action, 2 Locke Kohn, Conn. Probate Practice 375. The case as now presented certainly violates this rule.
 B.
Two Superior Court cases conflict on whether this court has jurisdiction. In Estate of Schoeller v. Becker,33 Conn. Sup. 79 (1979), Judge Stapleton ruled that as the action was not started by a legal person, the court was without jurisdiction and no amendment could cure.[1] In Estate of Bakola v. Nerman, 13 CLT 14 (1987), Judge Aronson noted that as the complaint provided certain information as to the current administratrix, including stating that she was a plaintiff, the misidentification in the summons and writ was not of jurisdictional dimension. Judge Aronson additionally noted that in Leger v. Kelly, 142 Conn. 585, 588 (1955), the Supreme Court reminded the trial court to read the writ and the complaint together to determine the identity and capacity of a party. Id., 588.
General Statutes Section 52-109 and its corresponding Practice Book Section 101 allow the substitution of a party as plaintiff when the action has been commenced, by mistake, in the name of the wrong person as plaintiff. It would appear from a reading of the complaint that such a mistake has been made. Unfortunately, these provisions do not apply. As indicated by Judge Stapleton, there can be no amendment if there was never any jurisdiction. General Statutes 552-109 requires that the action be commenced by a person, albeit a wrong one. In this case, as indicated, the estate is not a legal person. The parties to a suit are made by the writ or process not by the complaint or pleading. Goodrich v. Alfred,72 Conn. 257, 261 (1899).
In Leger v. Kelly, supra, the plaintiff was properly named in the writ and the complaint provided sufficient information as to his capacity. In the Estate of Bakula, the complaint specifically indicated who was the real plaintiff. Those situations do not exist herein. Accordingly, and notwithstanding that General Statutes 52-109 should be interpreted liberally, Poly-Pak Corporation of America v. Barrett, 1 Conn. App. 99, 102 (1983), this court finds that the instant motion should be granted.
Berger, J.