[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #121
Plaintiffs, John and Martin Herasimovich, co-administrators of the estate of Olga H. Lechowitz, bring this action in two counts to recover damages for fatal injuries sustained when the car of plaintiff's decedent collided with a railroad train at a private crossing located on Norton Lane in the Town of Berlin. The first count, directed to National Railroad Passenger Corporation, alleges negligence against the defendant, its servants, agents and employees. The second count, against the Town of Berlin, alleges a breach of statutory duty pursuant to General Statutes 13b-292(b), which requires a town, city or borough to erect and maintain traffic control devices within the limits of the railroad right-of-way at each private crossing or to require the person that owns or has the right to use the crossing to do so. It is alleged further that on September 12, 1990, the date of the accident, there were no traffic control devices at the private crossing known as Norton Lane. The Town of Berlin answered the complaint and alleged a special defense of governmental immunity. On June 19, 1992, the plaintiffs filed a reply to the special defense.
The defendant, Town of Berlin, moves for summary judgment on count two of the plaintiff's complaint on the ground that the duty to erect traffic control devices at private railroad crossings is a public duty and, therefore, an individual cannot maintain a private cause of action for the injury sustained as a result of the alleged breach of the statutes.
The pleadings are closed as between the parties to this motion. Plaintiff and defendant have filed a memorandum of law CT Page 9555 in support of their respective positions. The plaintiffs have also filed a supplemental memorandum in support of their opposition to the motion for summary judgment.
"Summary judgment is appropriate when all the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354, 364, 567 A.2d 1212 (1990). See Yanow v. Teal Industries, Inc., 178 Conn. 262, 268, 422 A.2d 311
(1979).
 In seeking summary judgment, it is the movant who has the burden of showing the non-existence of any issue of fact. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact.
D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980).
The standard for determining whether the moving party, in the present case, the defendant, has met the burden of proof, is whether a party would be entitled to a directed verdict on the same facts. State v. Gogin, 208 Conn. 606, 616, 546 A.2d 250
(1988). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364,380, 260 A.2d 596 (1969).
The Town of Berlin argues in support of its motion for summary judgment that the statute it allegedly breached imposes a duty on the municipality that is public in nature. It, therefore, argues that by virtue of governmental immunity an individual may not maintain a private cause of action pursuant to the statute.
In opposition to the motion, the plaintiffs argue that the CT Page 9556 duty imposed by Section 13b-292(b) upon the Town of Berlin requires identifiable individuals to erect and maintain traffic control signals at the private railroad crossing where the plaintiff received her injuries. Section 13b-292(b) states in relevant part:
 Each town, city or borough shall erect and maintain traffic control devices within the limits of the railroad right-of-way at each private crossing, or each town, city of borough shall require the person, association or corporation that owns or has the rights to use such crossing to erect and maintain such traffic control devices at each private crossing.
"The starting point in the analysis of whether governmental immunity exists is ascertaining whether a public or private duty exists." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).[1] This determination involves a question of law. Id.
The test as to whether a duty is a public or a private one is set forth as follows:
 if the duty imposed upon the public official by statute is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the statute is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.
Leger v. Kelley, 142 Conn. 585, 590-91, 116 A.2d 429 (1955).
Applying this test, the court in Leger then stated the applicable rule:
if the duty which the official CT Page 9557 authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed, if at all in some form of public prosecution.
Id., 589-90.
In Graham v. Smith, 25 Conn. Sup. 123, 125 (Super.Ct. 1963), the court held that the duty imposed by General Statutes 16-119a(b), now codified at 13b-292 involves a public duty.
 The statute in question imposes a duty on every municipality and on the highway Commissioner, but in performing this duty the municipalities and the highway Commissioner are performing governmental duties for the benefit of the public, and not for corporate or individual profit, and accordingly no cause of action accrues for the benefit of any individual under the statute.
Graham, 125.
Thus, under the holding in Graham, the Town of Berlin is insulated from liability under the governmental immunity umbrella in the performance of its duties under 13b-292. Determining the existence of a public duty, however, is not dispositive of the motion for summary judgment.
Citing Shore v. Stonington, 187 Conn. 147, 444, A.2d 1379 (1987) in their supplemental memorandum of law, the plaintiffs argue that plaintiffs' decedent was a foreseeable victim of a specified class and, as such, entitled to have their case decided by a jury as a question of fact, rather than as a matter of law. Indeed, in Shore, the court applied an additional analysis to determine the existence of municipal liability.
 Under the framework in Shore, the Court looks to see whether there is CT Page 9558 a public or private duty alleged by the plaintiff. If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies.
Gordon, supra, 170.
"The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989).
 Immunity from liability for the performance of discretionary acts . . . is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm (citations omitted); second, where a statute specifically provides for a cause of action against a municipality . . . for failure to enforce certain laws. . . .
Id.
"Thus, although the public duty doctrine provides the starting point of the analysis, distinctions between discretionary and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Shore, supra, 153. "Whether the acts complained of . . . were governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvin v. New Haven, 187 Conn. 180, 186, 445 A.2d 1 (1982).
Accordingly, because a material question of fact remains, the defendant, Town of Berlin, has not met its burden of proving that governmental immunity bars the plaintiff's claim. CT Page 9559 Therefore, the defendant's motion for summary judgment is denied.
John P. Maiocco, Jr., Judge