[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 124
On January 4, 1990, the plaintiff, Ora Jean Wadsworth, as parent and next friend of the minor plaintiff, Keith Wadsworth, filed an eight-count complaint in which they seek to recover damages for injuries sustained by the minor plaintiff as a result of a gunshot wound. Named in the complaint as defendants are the City of Bridgeport Board of Education ("Board of Education"), Richard Mayer ("Mayer"), the principal of Central High School (located in Bridgeport), Arthur Bolden ("Bolden"), a basketball coach at Central High School, and the City of Bridgeport ("City").
In an amended eight-count complaint filed on February 14, 1990, the plaintiffs allege that on February 23, 1989, the minor plaintiff was struck by a bullet while participating in a supervised school-sponsored junior varsity basketball practice held at Central High School. The plaintiffs allege that on that date, another student concealed a pistol in a bag and brought it onto the premises of Central High School. The plaintiffs further allege that the bag containing the pistol accidentally fell to the floor and, upon impact with the ground, a bullet discharged and struck the minor plaintiff in his right flank.
In counts one and two of the amended complaint, the CT Page 10012 plaintiffs assert negligence causes of action against the Board of Education. In counts three and four, the plaintiffs assert negligence claims against Mayer. In counts five and six, the plaintiffs assert negligence claims against Bolden. In count seven, the plaintiffs assert a cause of action pursuant to General Statutes 7-465 which seeks to hold the City liable for any damages that may be awarded to the plaintiffs based on the alleged negligence of the other named defendants. In count eight, the plaintiffs assert a cause of action against the Board of Education pursuant to General Statutes 10-235. The plaintiffs allege, inter alia, — that the defendants were negligent in that: (1) they failed to exercise due care in preventing guns and other weapons from being brought onto the premises of Central High School; (2) they failed to exercise due care in controlling guns or other weapons that may be brought onto the premises of Central High School; and (3) they failed to exercise due care in ensuring that the minor plaintiff would be safe from injuries which might be caused by guns or other weapons which were brought onto the premises of Central High School. On March 25, 1993, the defendants filed an amended answer and asserted the special defense of governmental immunity as to all of the plaintiffs' causes of action.
On July 21, 1993, the defendants filed a motion for summary judgment (#124) which seeks judgment on the plaintiffs' entire amended complaint on the grounds that:
 (1) the plaintiffs failed to set forth sufficient facts to allege a cause of action against the defendants;
 (2) the defendants are immune from liability based on the doctrine of sovereign immunity;
 (3) the defendants are immune from liability based on the doctrine of governmental immunity;
 (4) the proximate and intervening cause of the plaintiffs' injuries was the criminal and tortious acts of a third party;
 (5) the defendants are immune from liability because General Statutes CT Page 10013 52-557n(b)(6) exempts municipalities and municipal employees from liability for the tortious or criminal acts of a third party; and
 (6) the City is not required to indemnify the Board of Education or its agents and employees pursuant to General Statutes 7-465.
The defendants filed a memorandum of law, the affidavit of Richard Mayer, and other documentary evidence in support of their motion. The file contains no objection or memorandum in opposition to the defendants' motion. Nonetheless, the court is considering the motion on its merits.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). A material fact is one that will make a difference in the outcome of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311 (1979). Because the burden of proof is on the moving party, the facts must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111,491 A.2d 368 (1985). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991).
A. Governmental Immunity
 [I]f the duty the official authority imposes upon officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be addressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a CT Page 10014 neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.
(Citations omitted; internal quotations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 165, 544 A.2d 1185
(1988).
 If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.
Leger v. Kelley, 142 Conn. 585, 590-91, 116 A.2d 429 (1955). In the present case, the Board of Education has in place a policy of searching students (i.e., their lockers, desks, and in situations where either reasonable suspicion or probable cause exists, their persons, bookbags, and handbags) for guns and other weapons and such policy does not affect the plaintiffs in a manner that is different in kind from the way it affects the public at large (i.e., the students, teachers, employees, and other members of the public who may be on property controlled by the Bridgeport Board of Education). Thus, the Board of Education's duty to prevent guns and weapons from being brought onto school property constitutes a duty to the public at large, of which the minor plaintiff happened to be a part at the time of the shooting incident, and does not create any special or individual duty to the plaintiffs.
"Once it is determined that the duty involved . . . is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary." Id. "The finding of a public duty is often, but not always, dispositive of whether the act is a discretionary one." Gordon v. Bridgeport Housing Authority, supra, 169. A governmental or discretionary act is one performed for the benefit of the public and is supervisory or discretionary in nature. Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982). The term "ministerial" "refers to a duty which is to be performed in a prescribed manner without the CT Page 10015 exercise of judgment or discretion." (Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1151 (1989). "Where the municipality through its agent or employee acts in the performance of a governmental [discretionary] duty, it has a limited immunity from liability. . . ." Tango v. New Haven,173 Conn. 203, 204-05, 377 A.2d 284 (1977). Likewise, "a municipal employee . . . has a qualified immunity in the performance of a governmental [discretionary] duty. . . ." Evon v. Andrews, supra, 505. However, if the act complained of involves the performance of a ministerial duty, or if one of the narrow exceptions to the doctrine of governmental immunity applies, then the municipality (or its agent or employee) may be liable for the negligent execution of the duty. Id.; Wright v. Brown, 167 Conn. 464,471, 356 A.2d 176 (1975).
 [There are] three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm, . . . second, where a statute specifically provides for a cause of action against a municipality or a municipal officer for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure rather than negligence.
(Citations omitted.) Evon v. Andrews, supra, 505; see also Gordon v. Bridgeport Housing Authority, supra, 167.
The Board of Education's administrative procedures for conducting searches of students' lockers and desks for weapons and other contraband (submitted as documentary evidence in support of the defendants' motion) provides in pertinent part that:
 Although administrators are given the right to search lockers and desks at any time and for any reason, it is expected that in implementing the Policy you will do so with reasonableness and discretion. . . . Accordingly. . .3) [a]bsent reasonable CT Page 10016 suspicion, no student should be singled out for repeated searches. . . . 5) [t]he search pertains only to plain view items and other Board property. . . . Searches of articles of clothing, handbags and/or bookbags are subject to the reasonable suspicion standard. . . .
 Although you retain the right to search lockers and desks at any time for any reason, do not conduct these searches so frequently or under such circumstances that an atmosphere of fear or intimidation is created. Farther, use common sense on a grade level basis in determining the frequency and occasions of locker searches. . . .
 The following are representative situations in which you might reasonably conduct locker and desk searches: 1) as part of a confidential periodic search schedule; or 2) in response to information that a student whose name or classroom is unknown was seen in school with a weapon or other material in violation of the Student Handbook.
As previously stated, the Board of Education's weapons control policy was instituted for the benefit and protection of the general public. It follows that a school administrator's duty to search lockers and desks (and clothing and bookbags upon reasonable suspicion) under this policy is discretionary in nature. Thus, unless one or more of the exceptions stated in Evon v. Andrews, supra, are applicable to the present case, the Board of Education and its agents or employees would be immune from liability for any negligent act or omission in either the conducting of, or the failure to conduct, a search of a student's locker, desk, clothing or bookbag.
With respect to the exceptions to the doctrine of governmental immunity as stated in Evon v. Andrews, supra, it appears to the court that the first exception is not applicable to the present case, as the plaintiffs do not allege that circumstances existed at the time of the shooting which should have made it apparent to the defendants that their failure to CT Page 10017 act would likely subject an identifiable person to imminent harm. It would also appear that the second exception is not applicable to the present case, as the plaintiffs do not allege that a statute specifically provides for a cause of action against the defendants for their alleged failure to enforce certain laws or policies. And finally, the third exception is not applicable because the plaintiffs do not allege that the defendants' acts or omissions involved malice, wantonness or an intent to injure.
However, it does appear that the defendants' evidence submitted in support of their motion creates unresolved issues of material fact. A review of this evidence reveals that at the time of the incident, the Board of Education might have employed portable wand-type metal detectors in their effort to keep guns and other weapons out of the schools. (The defendants' evidence discloses that the metal detectors were employed from the 1989 school year through the present time.) While the defendants submitted evidence regarding their search and seizure policy as it pertains to lockers, desks, clothes and bookbags, they did not submit any evidence as to whether or not the metal detectors were in use at the time of the incident, nor did they submit any evidence with respect to the Board of Education's policy governing their use. Thus, while the court has enough evidence before it to determine that the Board of Education's duty to search students' lockers and desks is discretionary in nature, there is no evidence which allows the court to make such a determination with respect to the Board of Education's use of metal detectors (i.e., whether the metal detectors were in use at the time of the shooting incident, and if so, whether their use was discretionary or ministerial in nature). Thus, genuine issues of material fact do exist which prevents the court from determining whether the doctrine of governmental immunity bars the plaintiffs' negligence claims. Consequently, the existence of these genuine issues of material fact require resolvement before the court can make a ruling as to whether the City may be liable to indemnify the plaintiffs for the alleged negligent employees and agents pursuant to General Statutes7-465.
B. Other Grounds Raised in Defendants' Motion
The defendants argue that they are immune from liability pursuant to General Statutes 52-557n(b)(6), which provides in pertinent part that "a political subdivision of the state or any CT Page 10018 employee, officer or agent acting within the scope of his employment . . . shall not be liable for damages to person or property resulting from . . . the act or omission of someone other than an employee, officer or agent of the political subdivision. . . ." However, 52-557n(b)(6) does not render the defendants immune from liability in the present case, as the plaintiffs are not seeking to hold the defendants liable for "the act or omission of someone other than an employee, officer or agent of the political subdivision." Rather, the plaintiffs, based on the allegations stated in their complaint, are seeking to hold the City liable for the acts or omissions of its employees, officers or agents.
Also, the court cannot decide the issue of whether the minor plaintiff's injuries were proximately caused by the intervening or superseding negligence of a third party tortfeasor based on the evidence submitted by the defendants in support of their motion for summary judgment. The motion for summary judgment "is especially ill-adapted to negligence cases where . . . the ultimate issue in contention involves a mixed question of fact and law. . . ." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 198, 319 A.2d 403 (1972).
With respect to the defendants' argument that they are immune from liability pursuant to the doctrine of sovereign immunity, "a suit against a municipality is not a suit against a sovereign." Murphy v. Ives, 151 Conn. 259, 264, 196 A.2d 596
(1963). While a board of education is considered to be an agency of the state in charge of education in a town or municipality; Murphy v. Berlin Board of Education, 167 Conn. 368,372, 355 A.2d 265 (1974); local boards of education are not agents of the state in performing each and every mandated function. Cheshire v. McKenney, 182 Conn. 253, 257, 438 A.2d 88
(1980). "Local boards of education also are agents of towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the muncipality's [municipality's] limits." (Citations omitted.) R.A. Civitello Co. v. New Haven, 6 Conn. App. 212,218, 504 A.2d 542 (1986). "Similarly, teachers as employees of a town board of education are also not employed in the state government." Sansone v. Bechtel, 180 Conn. 96, 100,429 A.2d 820 (1980). Consequently, the doctrine of sovereign immunity is not applicable to the present case.
For all of the above reasons, the defendants' motion for CT Page 10019 summary judgment is denied.
THE COURT
MAIOCCO, J.