[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION] [ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#109)]
This action was commenced by the plaintiff, Michael O'Connor, against the defendants A. Braun, Sr. (Braun) and the East Haven Board of Education (Board). The final revised complaint dated December 17, 1991 contains three counts which allege the following facts.
On October 3, 1989, Braun "was a teacher or employee of the East Haven Board of Education acting in the discharge of his duties in the scope of his employment . . . ." At that time, O'Connor was a fifth grade student and Braun was his "teacher and/or school aide." On that date, O'Connor alleges that Braun, "negligently, intentionally and/or recklessly placed his hands" on CT Page 4639 a chair that O'Connor was about to sit on, and pulled the chair out from under him, causing him to fall on the floor. As a result, O'Connor suffered various physical injuries.
Count one claims that O'Connor's injuries, and attendant expenses, were caused by Braun's negligence, that Braun failed to exercise proper supervision over O'Connor, and that he failed to exercise reasonable care in the prevention of injuries to O'Connor. Count two alleges that the Board failed to protect O'Connor from injury and that it "failed to maintain adequate supervision and control over its employees, including the Defendant, A. Braun, Sr." Count three incorporates all of the allegations of the first count and further alleges that plaintiff Michael O'Connor is a minor and that his parent, Ann O'Connor, is permanently responsible for all expenses incurred as a result of the alleged incident.
The defendants filed an answer and two special defenses to the revised complaint and the plaintiff thereafter denied both special defenses. On December 3, 1993 the defendants were allowed to amend their answer and special defenses by adding a third and a fourth special defense. The first and second special defenses have no relevance to the motion before the court. The third special defense asserts the bar of governmental immunity and the fourth special defense claims that the suit was brought by an improper party, a minor not represented by a guardian or next friend. The plaintiff had previously denied the first and second special defenses but as yet has not filed a reply to the recently added third and fourth special defenses.
The motion for summary judgment which is before the court is made on behalf of both defendants on both the third and fourth special defenses. However, on January 10, 1994, this court allowed the plaintiff to substitute his parent Ann O'Connor as plaintiff which effectively disposes of the fourth special defense. Therefore the matter before the court is the defendants' motion for summary judgment on the third special defense which alleges that "[T]his lawsuit is bared by the doctrine of governmental immunity." Although purportedly made on behalf of both defendants it is obvious that only the defendant Board can assert this defense.
The defendants claim that the Board enjoys governmental immunity in the performance of discretionary duties and that the duty to supervise is a discretionary duty. The defendants recognize that there is an exception to his rule if the Board was aware that its failure to act would subject an identifiable person to imminent CT Page 4640 harm but point out that the complaint fails to allege that the minor plaintiff was subject to imminent harm, or that the board of education knew or should have known that plaintiff was in danger of injury or that he was a foreseeable victim.
The plaintiff's memorandum in opposition to the motion for summary judgement claims that there is a genuine issue of material fact; that the motion for summary judgment is improper because the pleadings are not closed since the plaintiff has not yet filed a reply to the third special defense; that the defendant is improperly utilizing a motion for summary judgment instead of a motion to strike because the motion is testing the legal sufficiency of the complaint; and that the defense of governmental immunity is not absolute in the present matter.
The plaintiff has failed to indicate what he claims are the genuine issues of material fact which would have any relevance to either the duty of the Board based on the allegations of the complaint, or the third special defense.
In support of his claim that the motion for summary judgment is improper because the pleadings are not closed the plaintiff cites [Griggs v. B G Land, Inc.], 24 Conn. App. 610, 612 (1991). This case held that the trial court was in error in granting the defendant's motion for summary judgment when the pleadings were not closed as was required at that time by Practice Book Section 379. The answer to this claim is that [Griggs] was decided in 1991. Effective October 1, 1992, Section 379 was amended by deleting the requirement that the pleadings be closed before a motion for summary judgment can be filed. [Griggs] is no longer applicable.
The plaintiff also claims that the claim being made by the defendant in the motion for summary judgment should be made byway of a motion to strike because the motion is attacking the legal sufficiency of the complaint. There is nothing improper about attacking the legal sufficiency of a complaint by way of a motion for summary judgment in a situation were there is no genuine issue of material fact. See [Boucher Agency, Inc., v. Zimmer], 160 Conn. 404,409 (1971). In view of the deletion from Practice Book Section 379 of the requirement that the pleadings be closed before a motion for summary judgment can be considered, this court is of the opinion that it can evaluate the legal sufficiency of a complaint either by way of a motion to strike where the movant is unable to establish that there is no genuine issue of material fact, or by a motion for summary judgment when the movant CT Page 4641 demonstrates that there is no genuine issue of material fact. See [Meyer v. Valley Forge Ins. Co.], 3 Conn. L. Rptr. 456 (April 11, 1991 Maiocco, J.) The plaintiff has not claimed that he is prejudiced in any way by this matter being considered on a motion for summary judgement rather than on a motion to strike, and there is no genuine issue of material fact relating to the legal sufficiency of the third special defense. There being no factual dispute, the issue on the motion is whether this action as against the defendant Board is barred as a matter of law under the doctrine of governmental immunity.
A summary judgment is granted "if the pleadings, affidavits and any other proof submitted show that here is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. The trial court "must view the evidence in the light most favorable to the nonmoving party." [Connell v. Colwell], 214 Conn. 242, 247,571 A.2d 116 (1990). The function of the trial court is to determine whether an issue exists, not to try it if it does. [Fogarty v.Rashaw], 193 Conn. 442, 444, 476 A.2d 582 (1984). A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." [Perille v.Raybestos-Manhattan-Europe, Inc.], 196 Conn. 529, 543, 494, A.2d 555 (1985).
The second count directed at the Board, after alleging the status of the parties and the circumstances of the injury sustained, all as set forth above, alleges that the minor plaintiff's injuries were caused by the negligence of the Board in one or more of the following ways:
 a) it failed to protect the Plaintiff from injury, including the minor Plaintiff by leaving A. Braun alone with said Plaintiff;
 (b) it failed to maintain adequate supervision and control over its employees, including the Defendant, A. Braun, Sr. so as to safeguard the children under its care, including the minor Plaintiff herein, from the injuries while attending class at Momauguin School in East Haven, Connecticut in that its employee A. Braun was left alone with children in the school. CT Page 4642
. . . .
A town's board of education may be a state agent for some purposes, and an agent of a municipality for others. (Citation omitted.) [Heigl v. Board of Education], 218 Conn. 1, 3-4,587 A.2d 423 (1991). A local board of education acts on behalf of a municipality in its function of maintaining control over the public schools within a municipality's limits. [Cheshire v. McKenney],182 Conn. 253, 258-59, 438 A.2d 88 (1980). Count two of plaintiff's revised complaint alleges that the Board failed to adequately protect plaintiff from injury and failed to maintain adequate supervision and control over its employees. It would seem that these allegations are directed against the Board in its capacity as a municipal agency.
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity." (Citation omitted.) [Heigl v. Board of Education], supra, 4. Governmental immunity, however, does not provide blanket protection for every official act. Id. "`A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts.'" (Citations omitted.) [Gordon v.Bridgeport Housing Authority], 208 Conn. 161, 167, 544 A.2d 1185
(1984). In addition, a municipality may be liable if a statute specifically provides "`for a cause of action against [it] for failure to enforce certain laws'" or, if a complaint alleges "malice, wantonness or intent to injure, rather than negligence." Id., 167.
In the present case the plaintiff does not allege either that the Board is statutorily liable, or that there was intentional conduct on the part of the Board. Therefore, these two exceptions are inapplicable to this matter.
As previously set forth, however, "[a] municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts." [Gauvin v. New Haven],187 Conn. 180, 184, 445 A.2d 1 (1982). "Governmental acts are performed wholly for the direct benefit of the public, and are supervisory or discretionary in nature." (Citations omitted.) Id., 184. Conversely, "ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted.) Id. CT Page 4643
The determination of whether the particular act complained of is governmental or ministerial "is a factual question which depends upon the nature of the act complained of." [Gauvin v. New Haven], supra, 186. In [Kolaniak v. Board of Education], 28 Conn. App. 277,610 A.2d 193 (1992), however, the court observed that Connecticut appellate courts have "approved the practice of deciding the issue of governmental immunity as a matter of law." Id., 279, citing [Gordon v. Bridgeport Housing Authority], supra, 170. The defendant contends that the duty to supervise is a discretionary duty, and "as the complaint alleges that the East Haven Board of Education was performing a discretionary function, it is immune from tort liability as a matter of law." The defendant also observes that "[t]here is an exception to the rule if it is apparent to the governmental actor that its failure to act would subject an identifiable victim to imminent harm." The defendant argues, however, that the plaintiff has not alleged the "identifiable victim subject to imminent harm" exception to the discretionary rule.
In [Heigl v. Board of Education], supra, the issue was whether a local board of education was insulated from tort liability, by virtue of governmental immunity, when it adopted an "open campus policy." Id., 2. The plaintiffs' amended complaint alleged that the board of education failed to supervise the town's high school students properly, and that the Board had exceeded its statutory authority by implementing an "open campus policy." Id., 3. The supreme court concluded that the Board's promulgation of an "open campus policy" did constitute a discretionary act. Id., 8. The court reiterated the rule that a municipality enjoys immunity from liability for the performance of governmental acts as opposed to ministerial acts. Id., 4. In determining that the adoption of the policy was discretionary, as opposed to ministerial, the court stated that General Statutes § 10-221 granted local boards certain powers, including the power to "`implement written policies concerning . . . attendance . . . .'" Id., 6. The court observed that the statute gave local boards "significant latitude in selecting an appropriate student attendance policy." Id. Therefore, the court concluded that it could not "be said that the Board was acting `in a prescribed manner without the exercise of judgment' as would be true in a ministerial action." Id., 7-8.
General Statutes § 10-220 sets forth the duties of a board of education. Section 10-220(a) provides, in pertinent part, that "[e]ach local or regional board of education shall have charge of the schools of its respective school district . . . ." CT Page 4644 The duties enumerated in this section include the employment and dismissal of teachers. In addition, General Statutes § 10-221
authorizes boards of education to "prescribe rules for the management, studies, classification and discipline of the public schools . . . ."[1]
Based on the foregoing it is clear that the Board had a duty to supervise teachers, including the defendant Braun, therefore requiring an analysis of the nature of that duty.
A private duty is a duty that, when performed, "the performance of it will affect an individual in a manner different in kind from the way it affects the public at large . . . ." [Legerv. Kelley], 142 Conn. 585, 590-91, 116 A.2d 429 (1955). "If, on the other hand, `no one individual is affected . . . in a manner different from other members of the general public . . . [t]he duty imposed [is] public . . . .'" [Heigl v. Board of Education], supra, 8, citing [Leger v. Kelley], supra, 591.
The court, in [Burns v. Board of Education], 228 Conn. 640, ___ A.2d ___ (1994) noted that [Heigl] "turned on the public/private duty distinction of the public doctrine." Id., 650. Similarly, in the present case, since the Board had a duty to supervise the defendant Braun by virtue of the powers conferred upon it by the General Statutes, then the determination of Board's liability is based upon the public/private duty distinction of the public duty doctrine.
In the present case, the plaintiff alleges that the Board failed to protect the plaintiff from injury, and that the Board failed to maintain adequate supervision and control over its employees. Such duties are public in nature because they affect every member of the student population in the same manner, and they do not involve the discharge of "an affirmative duty toward an identifiable individual student." [Heigl v. Board of Education], supra, 8. Therefore, any actions performed by the Board with respect to supervision of teachers is discretionary, and, as a result, the Board is protected from liability.
Even if it should be determined that it is necessary to consider the "foreseeable class of plaintiff" analysis contained in [Burns v. Board of Education], supra, the court would still find that the Board is immune from liability.
In [Burns v. Board of Education], supra, the court concluded CT Page 4645 that the superintendent owed a duty of protection to a student, as a member of a class of foreseeable victims, with respect to the maintenance and safety of the school grounds. This conclusion, however, was predicated on several limiting factors. The court emphasized that the "accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus." Id., 650. In addition, the court further emphasized that "the potential for harm from a fall on ice was significant and foreseeable." Id.
In the present case, the plaintiff alleges that the Board was negligent in failing to protect the plaintiff from injury and by failing to adequately supervise its employees, including defendant Braun. An alleged failure to properly supervise employees does not rise to the level of foreseeability or imminence of harm that was found in [Burns v. Board of Education], supra. Rather, the risk of injury occurring from an alleged negligent supervision of employees "implicates a wide range of facts that can occur, if at all, at some unspecified time in the future." [Evon v. Andrews], 211 Conn. 501,508, 559 A.2d 1131 (1989). As the court in [Evon v. Andrews] emphasized, adopting a rule of liability whereupon "some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." Id., 508. Similarly, in the present case, holding the Board liable on the basis that at some time in the future some kind of harm may befall student as a result of inadequate supervision of employees, "would cramp the official discretion" of the Board "beyond the limits desirable in our society."
Accordingly, for the reasons above stated, the motion for summary judgment on the second count is granted in favor of the defendant East Haven Board of Education only.
William L. Hadden, Jr., Judge