[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS ON GROUNDS OF MUNICIPAL IMMUNITY
Plaintiffs David and Sharon Farnsworth bring this action against the Town of Branford, Stephen Dudley, its Town Engineer (municipal defendants) and Thomas M. Horrigan, a home improvement CT Page 532 contractor.
The plaintiffs contracted with defendant Thomas Horrigan to construct a 16 foot by 24 foot one and one-half story addition to their home in the Town of Branford. The plaintiffs' home is located in a flood hazard area and abuts a tidal wetland.
The plaintiffs allege that defendant Thomas Horrigan in his application to the municipal defendants for a permit to build the addition misrepresented the total cost of construction to the office of the Town Engineer, thereby avoiding the requirement that he apply for the special permit necessary for substantial improvements to their property. They further allege that they were not aware of this misrepresentation.
The plaintiffs claim that thereafter the office of Town Engineer issued a development permit for areas of special flood hazard allowing defendant Horrigan to undertake construction of the addition to their home. The plaintiff further claim that the issuance of this permit was improper and caused the damages charged hereinafter.
The plaintiffs assert that Stephen Dudley acting as Town Engineer owed a duty to them to ensure 1) that their application for construction in a flood plain conform to town ordinances and applicable regulations, 2) that they be advised that they may be required to apply for federal and state permits, and 3) that the construction of the proposed addition minimize flood damage. According to the complaint, a building inspector from the Town of Branford periodically inspected the construction after the permit was issued, and a certificate of occupancy was issued by the Town on or about February 2, 1993.
The plaintiffs allege that they began noticing problems in August of 1994 when they discovered serious water seepage, rusting lally columns and mold spores on the underflooring in the crawl space of the addition. The plaintiffs claim that these problems compromise the integrity and safety of the addition. The plaintiffs also claim that the failure of the municipal defendants to notify them of the possibility of further federal and state permits prerequisite to construction in a flood or wetland area has caused them emotional distress with respect to the marketability of their property. The plaintiffs assert that the defendant Stephen Dudley, and the defendant Town of Branford are liable to them for the failure of said defendants to CT Page 533 administer and implement the flood plain ordinance of the Town as to the detection of violations of the building code and other regulations. The plaintiffs characterize these failures as negligent breaches of duties. As to these municipal defendants the plaintiffs seek damages under Conn. Gen. Stat. § 52-577n. The plaintiffs claim that § 52-577n, imposes liability upon a municipality for damage caused by a municipal employee's negligent actions or omissions occurring within the scope of his employment. Municipal defendants Town of Branford and Stephen Dudley have moved to dismiss this action against them. In their Motion to Dismiss the municipal defendants cite the doctrine of sovereign immunity as codified in the following subsections of Conn. Gen. Stat. § 52-257n:
 "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law. Id. (a)(b)(2)
* * *
 a political subdivision of the state or an employee, officer or agent acting within the scope of his employment or official duty shall not be liable for damages to person or property resulting from: . . . the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law unless such issuance, denial, suspension or revocation or such failure or refusal constitute a reckless disregard for health or safety . . ." Id. (b)(7).
Clearly, the issuance of a governmental permit and conducting inspections as well as issuing the certificate of occupancy, relative thereto, are discretionary acts. An official's decision as to whether a building falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment." Evan v. Andrews, 211 Conn. 501, 506
(1989). Exercising judgment in this fashion discharges governmental duty. Lager v. Kelly, 142 Conn. 585 (1955). Finding that this is governmental duty is the function of the court, for this is a question of law. Shore v. Stonington, 187 Conn. 147
151-152 (1987). CT Page 534
Inasmuch as the duty is discretionary, liability would attach in this situation only if the ". . . issuance . . . or failure or refusal to issue . . . [such] permit . . . [or] certificate . . . constitutes[s] a reckless disregard for health and safety, §52-557n(b)(7)" or ". . . where it would be apparent . . . to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." Shore v. Stonington,187 Conn. 147, 153 (1982).
Since the plaintiffs' complaint does not seek damages based upon allegations of "reckless disregard for health and safety," the court now turns its attention to the question of whether it should have been apparent to the officials of the Town of Branford that their alleged failures to act would have subjected the plaintiffs to imminent harm. A discussion of the principles articulated by the Supreme Court in Evon v. Andrews,211 Conn. 501 (1989) is informative in answering this question. In Evon, the Supreme Court reviewed an appeal of a decision by the trial court striking a wrongful death complaint against the City of Waterbury and various city officials, including the Fire Chief, Fire Marshall and director of public health. The complaint alleged that the decedents were tenants of multifamily rental unit which had numerous fire code violations. The complaint further alleged that although the municipal defendants were aware of the fire code violations through inspections, their negligence in, inter alia, not forcing the corrections of the violations placed the decedents in imminent harm as a class of identifiable future victims. The Supreme Court rejected this argument.
 The gravamen of the plaintiffs' allegations is that the defendants had not done enough to prevent the occurrence of a fire. The risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified
time in the future. Evon Id. at 508. [emphasis added]
Likewise, the court finds in this case that the allegations in the complaint against the municipal defendants do not demonstrate any imminence of harm either at the time of 1) reviewing the plaintiff's application for permit, (2) issuance of the permit for construction, (3) inspecting the construction, or (4) at the time of the issuance of the certificate of occupancy. If any harm were caused by the alleged failures for the municipal defendants, clearly its occurrence was ". . . at some unspecified time in the future." Absent such imminence, liability CT Page 535 may not be imposed upon these defendants.
For the foregoing reasons, the Motion to Dismiss is granted.
Clarance J. Jones, Judge