[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT ALVARADO'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs in the above-captioned action have asserted a number of claims against the City of New Haven, Clarence Phillips and Frank Alvarado, seeking damages for the demolition of an uninhabitable house they owned on Baldwin Street in New Haven. The plaintiffs withdrew their claims against another defendant, Hill Associates Limited Partnership. Defendant Alvarado has moved for summary judgment on the claims against him.
The complaint upon which defendant Alvarado seeks judgment is the amended complaint dated June 28, 2002. The plantiffs filed that complaint in part to reflect this court's order dismissing certain claims in an earlier complaint, and they requested leave to amend the complaint in other respects as well, including adding additional claims. Defendant Alvarado filed an objection to the plaintiffs' request for leave to amend the complaint but did not claim the objection for adjudication. His motion for summary judgment therefore applied to the prior complaint. The City and defendant Phillips did not object to the June 28 complaint and filed a motion for summary judgment as to that complaint. At oral argument on the two motions, defendant Alvarado withdrew his objection to the proposed amendment and requested that the court consider has motion as applied to that complaint. He adopted the City's position that the new claims are barred by the statute of limitation.
Defendant Alvarado seeks summary judgment on all counts against him. In the first count, the plaintiffs allege that the City demolished their building on April 25, 1997, after the plaintiffs protested that the condition of the building was the result of damage inflicted by the police in searching for evidence. The plaintiffs allege that they called the police department and were referred to defendant Alvarado, who was director of the Livable City Initiative, in an effort to obtain compensation to repair the property and that Alvorado "informed them that CT Page 16465 he would investigate the damaged property and get back to them." (Para. 12). The plaintiffs allege that the City negligently demolished the building after defendant Alvarado's statement.
In the second count, the plaintiffs claim that Alvarado misrepresented that he would investigate their claims for restititution and that the City demolished the building despite this representation.
In the third count, the plaintiffs assert that the City, "through its agents, servants, and/or employees, induced the Plaintiffs to believe that the Defendant, `City', would forebear demolition of their property while the Defendant, `City,' through its agents, servants and/or employees investigated the Plaintiffs claim for restitution" and that in reliance the plaintiffs took no action to oppose demolition, and that the City failed to fulfill its alleged promise.
In the fourth count, the plaintiffs assert that the defendants acted intentionally, that they intentionally caused the taking of the property by erecting a gate and barbed wire, and that they intentionally acted in a manner "such that it was readily apparent that they would cause the Plaintiffs harm and distress." (Para. 30).
Count five is a claim for indemnification by the City for claimed misdeeds of defendants Alvarado and Phillips.
The plaintiffs claim as damages the loss of use of the building, the loss of the building itself, diminution to their property and emotional distress from the demolition.
Standard of Review for Summary Judgment
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." LaFlamme v. Dallessio, 261 Conn. 247, 250
(2002); QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351
(2001); Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714 (1999);Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 163 (1998);Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997); Practice Book § 17-49; .
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.CT Page 16466Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
Factual Submissions
The parties have stipulated that on November 2, 1996, the City's building inspector, Clarence Phillips, inspected the plaintiffs building, declared it to be unsafe, and caused the plaintiffs to be served with a notice that the City would demolish the structure if the plaintiffs did not repair or demolish it within thirty days. They have also stipulated that the plaintiffs neither demolished the structure nor obtained a building permit for the purpose of repairing it, that prior to the issuance of the notice the building was uninhabitable and in need of repair, and that on April 25, 1997, the building inspector caused the structure to be demolished.
Defendant Alvarado has submitted an affidavit stating that his position as Director of Livable City Initiatives did not include any authority to modify, alter or suspend demolition orders nor to issue money for restitution to claimants, and that he did not either personally or through agents represent or communicate to the plaintiffs in any manner that he would intervene or in any way seek to affect the City's enforcement of the health and safety codes or any demolition efforts. CT Page 16467
In answer to defendant Alvarado's interrogatory asking the plaintiffs to state what he had said to them, the plaintiffs responded that they had been referred to Alvarado when they called other City employees to seek compensation for damage to their building, they were told to speak to Alvarado and that his statement was that "He will look at the property and get back to me by Friday."
Vincent Tracy filed an affidavit in which he stated he called the New Haven police department seeking compensation, that he called Alvarado at the suggestion of other City employees, and that Alvarado "informed me that he would look at my damaged property and respond with an answer within one week" but that Alvarado failed to call him back and did not respond to further telephone messages. (Tracy affidavit, para. 7-9.) Vincent Tracy's affidavit contains no averment that Alvarado said anything other than that he would investigate and respond, and it specifically does not say that Alvarado made any representations that the City would cease any proceedings concerning the property while Alvarado looked into the issue of compensation.
Is the movant entitled to summary judgment?
The gravamen of the plaintiffs' claim against Alvarado is that he made negligent statements to them and that he misrepresented what he would do. They do not allege that he had any role in the actual demolition. The plaintiffs do not allege that he said anything to the effect that his inquiry would delay or suspend any demolition proceedngs. In essence, the plaintiffs are asserting that they assumed that the City would do nothing about their uninhabitable building while Alvarado looked into the claim for compensation; however, Alvarado has presented uncontradicted testimony that he said nothing about any effect of his inquiry into compensation on the demolition, and the plaintiffs do not even assert that he did.
The movant claims, among other things, that he is entitled to qualified immunity under the provisions of Conn. Gen. Stat. § 52-557n (a)(2)(B) and at common law.
Conn. Gen. Stat. § 557n (a) provides in pertinent part that "a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties." Subsection (a)(2) of that statute provides for an exception to such liability: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) CT Page 16468 negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." The plaintiffs do not claim that Alvarado was engaged in a proprietary rather than a governmental function in responding to their inquiry.
Section 52-557n (a)(2)(B) creates a dichotomy concerning performance of governmental functions: except in some situations not claimed to exist here, public employees are not liable for negligence in performing discretionary acts in the course of their employment; but they are liable for negligence in performing ministerial acts. The same dichotomy exists at common law. Evon v. Adams, 211 Conn. 501, 505 (1989); Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). In Elliott v.City of Waterbury, 245 Conn. 385, 410-11 (1998), the Supreme Court followed the premise that § 52-557n (a)(2) codifies the prior common law immunity of municipalities and their officials for governmental acts involving the exercise of judgment or discretion.
The conduct in which Alvarado engaged that is at issue in the plaintiffs' claims is commenting to a member of the public, after receiving an inquiry about compensation, that he would investigate and report back. The plaintiffs have identified no statute, ordinance or other provision that required Alvarado to respond in a prescribed way, such that his conduct could be characterized as ministerial. See Wrightv. Brown, 167 Conn. 467, 471 (1975); Leger v. Kelly, 142 Conn. 585
(1955). His response was, rather, a discretionary matter. Where the parties have clearly set forth the conduct that is claimed to be actionable, the characterization of conduct as proceeding from a ministerial or discretionary duty is a matter of law. Evon v. Andrews, supra, 211 Conn. 501. The court concludes that the conduct at issue was the discretionary discharge of a governmental function, and that the doctrine of municipal immunity applies unless a recognized exception to such immunity exists.
The plaintiffs claim that there is an applicable exception, that is, the exception for circumstances in which it is apparent to the official that his or her failure to act is likely to subject an identifiable person to imminent harm. Purzycki v. Town of Fairfield, 244 Conn. 101
(1998); Sestito v. Groton, 178 Conn. 520 (1979). This exception to the general applicability of immunity for performance of discretionary governmental acts has been applied by Connecticut's appellate courts only to instances in which an identifiable person was placed in danger of personal injury, not damage to property. The conduct at issue cannot logically be viewed as foreseeably creating a danger that the plaintiffs' property would be demolished. Alvarado is not alleged to have said CT Page 16469 anything to dissuade or deter the plaintiffs from opposing the demolition order or even to think that the order could safely be ignored. The undisputed facts do not support the key elements of imminence or of foreseeability of harm even if this exception were held to apply to harm to property as well as to persons. See Burns v. Board of Education,228 Conn. 640, 642 (1994).
The plaintiffs argue that the characterization of conduct by municipalities or their officials must be determined by the trier of fact. The plaintiffs cite a number of trial court rulings to this effect; however, the Supreme Court determined otherwise in Elliott v.Waterbury, supra, finding the acts at issue to have been governmental and affiming the trial court's granting of summary judgment on grounds of municipal immunity. In Gordon v. Bridgeport Housing Authority, surpa,209 Conn. 180-181, the Court likewise found that the characterization of a function as private versus public was an issue of law, not fact, where the defense of governmental immunity was asserted.
The doctrine of qualified municipal immunity for discretionary governmental acts bars the plaintiffs' claims against Alvarado. This defendant also argues that his limited statement, which included no assurance of any kind concerning demolition, was neither a cause in fact nor a legal cause of the demolition of the property. He argues that the claim of misrepresentation is barred by the statute of limitation. It is not necessary to reach these additional grounds in view of this court's finding that the qualified immunity defense applies.
Conclusion
For the foregoing reasons, defendant Alvarado's motion for summary judgment is granted.
___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 16470